Selden, J.
 

 The only point which it is necessary to consider in this case is whether the defendant George W. Hall, who holds a second mortgage upon the premises covered by the mortgage which this action is brought to foreclose, is precluded by the proceedings in the suits of Consalus, the mortgagor, against Archibald L. Linn, from contesting the amount due upon the prior mortgage.
 

 In the view I have taken of this question it is immaterial whether the effect of the stipulation between the attorneys m the suits of
 
 Consalus
 
 v.
 
 Linn
 
 operated as a discontinuance of those suits, and a submission of the controversy to the arbitrament of the referees, or not. Upon the trial before the referee in this cause those suits were treated as continuing in court, notwithstanding the stipulation, and as terminating in a valid judgment by which the parties were estopped; and Hall, the second mortgagee, was held bound as a privy, by the judgment against Consalus, equally with Consalus himself. The Supreme Court, at general term affirmed the decision of the referee, holding, however, that the suits were discontinued, but that the report of the referees was binding as an award, and was conclusive, as to the amount due upon the prior mortgage, upon the defendant Hall as privy in estate with Consalus the party to the award.
 

 The question is whether the result of the controversy between Consalus and Linn, considered either as a judgment or an award, could operate to estop the defendant Hall, who was not a party to the proceedings.
 

 
 *570
 
 The rule that judgments, decrees, awards, &c., are binding upon both parties and privies is stated by Lord Coke as follows : “ Privies in blood, as the heir; privies in estate, as the feoffee, lessee,
 
 &c.;
 
 privies in law, as the lord by escheat, tenant by the curtesy, tenant in dower, the incumbent of a benefice, and others that come -under, by act of law or in the
 
 post,
 
 shall be bound by and take advantage of estoppels.” (
 
 Coke Litt.,
 
 352, a.) This rule is so complex, and embraces such a variety of relations, that it must necessarily be taken with many modifications.
 

 It will be found unsafe to assume that estoppels extend as a matter of course to all who are in any manner in privity with the principal party. The reasons for holding privies bound by estoppels vary with the nature of the privity, and it is necessary to consider these reasons and to see how far they are applicable to the present case. Thus, where a father succeeds to the estate of his son, by means of a descent first to an uncle and then to the father, the latter, according to Lord Coke, is not estopped by any act of the son, notwithstanding the privity in blood between them ; and the reason given is that he cannot be the heir of his son.
 
 (Coke Lilt.,
 
 12
 
 a.)
 
 Lord Hale, however, appears to have thought this reason insufficient.
 
 (Coke Litt., note
 
 60,
 
 by Hargrave & Butler.)
 

 Again, the privity between tenant and reversioner is equally perfect, whether the tenancy be for life or for years; and yet, in the one case the reversioner is, and in the other is not, bound by a yerdict against the tenant. The reason why he is held to be estopped, in case of a tenancy for years, is, that he has a right to be heard in any suit concerning the estate to which the tenant is a party. (Rush-
 
 worth
 
 v.
 
 Countess of Pembroke, Hard.,
 
 472.) That reason, however, does not apply in case of a tenant for life; who is at liberty either to call upon the reversioner for aid, or not; as he sees fit. Hence the lattei, who has no right to inter
 
 *571
 
 fere where no aid is prayed, is not bound- by the verdict.
 
 (Cow. & Hill’s Notes,
 
 813,
 
 note
 
 567;
 
 Bac. Abr., Evidence, F.)
 

 The kind of privity which exists between grantor and grantee is of a nature still different. The grantee in such a case is estopped by the act or admission of his grantor, or by a judgment, decree, &c., against him, because he holds by a derivative title from such grantor, and cannot, therefore, be in a better situation than the party from whom he obtained his right.
 
 (Bac. Abr., Evidence, F.)
 
 This being the reason for the rule, it follows that it can have no application except where the conveyance is made after the event out of which the estoppel arises. The principle in such cases is, that the estoppel attaches itself to and runs with the land. The grantor can transfer no greater right than he himself has, and hence the title which he conveys must necessarily be subject, in the hands of the grantee, to all the burdens which rested upon it at the time of the transfer.
 

 On the other hand, nothing which the grantor can do. or suffer to be done after such transfer can affect the rights previously vested in the grantee. It is obvious, therefore, from the examples which have been given, that the rule that estoppels are binding upon privies as well as parties, should be stated with qualifications, especially as applicable to privies in estate. The privity between grantor and grantee is the same whether the grant be made before or after the fact upon which the estoppel arises.
 

 In
 
 Comyn’s Digest (Evidence, A,
 
 5), it is said that “a verdict in another action for the same cause shall be allowed in evidence between the same parties. So, it shall be. evidence when the verdict was for one
 
 under whom any of the present parties claim.”
 
 This cannot be sustained in the broad and unqualified terms in which it is stated. In
 
 Doe
 
 v.
 
 The Earl of Derby
 
 (1
 
 Adolph, & Ellis.,
 
 783), Littledale, J., quotes the passage from Comth, and says : “ But that must mean a claim acquired through such party
 
 subsequently to the jerdict’’
 

 
 *572
 
 The question' we are considering arose in the case of
 
 Winslow
 
 v.
 
 Grindall
 
 (2
 
 Greenl.,
 
 64). There Winslow had conveyed to one Fairfield, with covenants of seizin and warranty. Fairfield, after conveying to the person under whom the defendant claimed, had commenced a suit against Winslow upon his covenants, and recovered on the ground that Winslow was not seized. Upon the trial, Winslow, after showing
 
 a prima, facie
 
 title, offered the judgment in the suit brought against him by Fairfield in evidence, to show that when he conveyed to the latter he had no title, and consequently the defendant, who claimed under Fairfield, could have none. This evidence was offered on the ground of the defendant’s privity with Fairfield. But the court held, according to the note of the reporter, that “ the grantee of land is not bound by a judgment in a suit commenced after such grant, by his own grantee against his immediate grantor upon the covenants in his deed.”
 

 It is said in
 
 Rolle’s Abridgment
 
 that “If a party,
 
 after
 
 verdict and judgment against him, assign his interest, the assignee is bound by the verdict. Thus, after verdict against J. S. and judgment, he aliened to J. E., and it was held that the verdict was evidence against J. E., for it would have been evidence against J. S. at the time of the transfer,. and the substitute cannot be in a better condition than the principal.” (2
 
 Roll. Abr.,
 
 680.) This plainly implies that if the conveyance were before the verdict the assignee would not be estopped.
 

 The same rule applies, I apprehend, between mortgagor and mortgagee, whether the mortgage be considered as the conveyance of an estate or the mere creation of a lien-in the case of
 
 Adams
 
 v.
 
 Barnes
 
 (17
 
 Mass.,
 
 365), a mortgagor, when sued for possession, had defended on the 1 ground of usury, and failed, and then assigned his right to Adams, who brought an action against the mortgagee, which he attempted to support by proof of the usury. But the court held the plaintiff concluded by the former
 
 *573
 
 judgment. Jacksoh, J., said: “ It is such an estoppel as
 
 Tuns with the land,
 
 and extends to all who are privies in estate to either of the parties to such judgment. A judgment which affects directly the estate and interest in the land, and binds the rights of the parties, is at least as effectual as a release or confirmation by one party to the other. Such an estoppel makes part of the title and extends to all who claim under either of the parties to it.” The reasoning of the learned judge shows that, by the last clause, he meant all who derived title from either of the parties after the recovery of the judgment. The estoppel, to bind the grantee or mortgagee, must exist at the time of the execution of the deed of mortgage. Were it otherwise, a second mortgagee would be bound by the foreclosure of a prior mortgage in a suit commenced after his mortgage was executed, without being made a party; which is contrary to the well known and well established doctrine on the subject.
 

 It is plain, therefore, that as the mortgage to the defendant Hall was executed May 1,1851, and the suits of
 
 Consalus
 
 v.
 
 Linn
 
 were not commenced until September thereafter. Hall cannot be concluded by that suit, whatever may have been its result or the nature of the proceedings therein.
 

 The judgment must be reversed and a new trial must be ordered, without costs to either party in this court.
 

 All the judges concurring,
 

 Judgment reversed and new trial ordered.