## SPEAR v. HILL.

The defendant gave a receipt to the plaintiff, a deputy sheriff, for goods attached on a writ against E. Afterwards one H., claiming to be the owner of the property, sued the officer in trover for it, and that suit was finally determined against him. In an action of trover, brought by the officer against the receiptor for the same property—*Held*, that the defendant could not be permitted to show title to the property in H. by way of defence, being concluded therefrom by the judgment in the suit of H. against the plaintiff.

TROVER, by Justin Spear against Charles H. Hill, for a portion of the property included in a receipt given by the defendant to the plaintiff, for property attached by the plaintiff, as a deputy sheriff, upon a writ in favor of William Stewart against Dudley B. Emerson. The receipt was dated October 10, 1866.

The defence was, that one Joseph G. Hill was at the time of the attachment in possession of the property attached, and was the owner of the same, not only as against Emerson, but also as against Emerson's creditors, and that upon the giving of the receipt the property went back into, and remained in, the hands of said Joseph G. Hill.

The plaintiff proved that in 1871 it was decided, in an action brought by Joseph G. Hill against this plaintiff (Spear), that the articles sued for in the present writ could not be held by Joseph G. Hill, but were the property of Emerson.

The court ruled that the defendant was concluded by the judgment in the former suit of Joseph G. Hill against Spear; and directed a verdict for the plaintiff, which the defendant moved to set aside.

*Charles R. Morrison*, for the defendant.

I. The receiptor is discharged, if the goods attached did not belong to the debtor but to a third person, who has reclaimed them. *Learned* v. *Bryant*, 13 Mass. 224; *Webster* v. *Harper*, 7 N. H. 594; *Scott* v. *Whittemore*, 27 N. H. 309; *Fisher* v. *Bartlett*, 8 Greenl. 122. And in this case, if the goods receipted for, upon the giving of the receipt, went back into the possession of J. G. Hill, and J. G. Hill was the rightful owner, the receiptor was thereby discharged, and could no more be concluded by the subsequent suit of J. G. Hill than by the acts of any other third person. *Hunt* v. *Haven and Upham, Adm'rs*, Grafton, July, 1872; *Dickinson* v. *Lovell*, 35 N. H. 16; *Flanders* v. *Davis*, 19 N. H. 149; *Thrasher* v. *Haines*, 2 N. H. 445; *Jacobs* v. *Knapp*, 50 N. H. 71, 82; *Campbell* v. *Hall*, 16 N. Y. 575; *Taylor* v. *Ranney*, 4 Hill 619; *Doe* v. *Earl of Derby*, 1 Ad. & El. 783; Starkie Ev. 328. The fact that the receiptor has a remedy over which he (erroneously, it may be) deemed sufficient, in no way affects his liability. *Giltinan* v. *Strong*, 64 Pa. St. 242; *Cutler* v. *Jones*, 52 Ill. 84; *Fowler* v. *Brooks*, 13 N. H. 240; *Jackson* v. *Griswold*, 4 Hill 522; *Douglass* v. *Howland*, 24 Wend. 35, 52; *Laflin* v. *Field*, 6 Met. 287; Smith's Leading Cases 552.

II. The receiptor was not bound by the judgment against Emerson, not being a party or privy. A judgment for certain purposes is evidence against strangers, just as a deed is evidence; but whether offered against a party, privy, or stranger, its admissibility depends upon the purpose for which it is offered, and it is conclusive only for its proper purpose and object. *King* v. *Chase*, 15 N. H. 9; Gresley on Law of Evidence 432; Phillipp's Ev. 258; *Fish* v. *Lighter*, 44 Mo. 268; *Barrs* v. *Jackson*, 1 Young & Call's New Rep. 585, 595; 2 Story's Eq. Pl. 801, note; *Kilborn* v. *Robbins*, 8 Allen 468; *George* v. *Barker*, 3 Allen 326; *Mead* v. *City of Boston*, 3 Cush. 404; *Woodward* v. *Haven*, Grafton, 1871.

For the purpose of showing that the officer was still liable to Stewart for the goods provided they were the property of Emerson, and therefore entitled to recover them of the defendant, the judgment and-execution were competent. And it would be no defence to show that it was irregular or erroneous. *Towle* v. *Towle*, 46 N. H. 431. For while in force it would be conclusive of the officer's liability, provided the goods were the property of Emerson. But the officer might defend by showing that the property did not belong to Emerson, and upon that issue the judgment against Emerson would be no evidence whatever, or, at least, no conclusive evidence, against the officer; and it can have no greater force against the receiptor. See cases before cited, and *Warren* v. *Cochran*, 27 N. H. 339; *Green* v. *Cross*, 45 N. H. 574, 578; *Chamberlain* v. *Carlisle*, 26 N. H. 551.

So, where one claims by levy subsequent to a deed, for the purpose of showing a valid levy as against the debtor, the judgment against the debtor is conclusive to uphold the execution; but for the purpose

of proving him entitled, as a creditor at the date of the deed, to im-
peach the deed as fraudulent, the judgment, if admissible at all, most
certainly is not conclusive. *Vogt* v. *Ticknor*, 48 N. H. 242; *Pomeroy*
v. *Bailey*, 43 N. H. 118; *Jenness* v. *Berry*, 17 N. H. 549; *Church* v.
*Chapin*, 35 Vt. 231; *Inman* v. *Mead*, 97 Mass. 310. These cases can-
not be distinguished in principle from that before the court, so far as
relates to the effect of the judgment against Emerson.

III. Upon the facts assumed in the request for instructions, Stewart
would have been indictable here, and his sale did not entitle him to
impeach the mortgage. *Hill* v. *Spear*, 50 N. H. 253–293, and cases
cited; Gen. Stats., ch. 266, secs. 1, 7; *State* v. *Moore*, 26 N. H. 448;
*Commonwealth* v. *Gillespie*, 7 Serg. & Rawle 469; Bouv. Law Dict. 44,
352.

IV. The whole of the goods being of the agreed value of $800, the
parties are estopped by the receipt, and the plaintiff cannot recover for
a part (and he has brought his suit only for a part), the full price of
the whole. The very object of the valuation of the goods in the re-
ceipt was to "fix their value in any dispute that might arise concern-
ing them." *Drown* v. *Smith*, 3 N. H. 299, 302; *Remick* v. *Atkinson*,
11 N. H. 256, 258; *Wakefield* v. *Stedman*, 12 Pick. 562; *Jones* v. *Rich-
ardson*, 10 Met. 481, 494. It does not alter the case that the receiptor
signed at the request of Hill. If Hill had signed the receipt himself,
the estoppel in respect to the valuation would have been precisely the
same as in the ordinary case. See authorities above cited, and *Morse*
v. *Hurd*, 17 N. H. 246; *Barron* v. *Cobleigh*, 11 N. H. 557; *Robinson* v.
*Mansfield*, 13 Pick. 139; *Bursley* v. *Hamilton*, 15 Pick. 40.

*Morrison & Stanley*, for the plaintiff.

JEREMIAH SMITH, J. The defendant sets up no title in himself to
the property. He sets up title in Joseph G. Hill, and justifies solely
under that title. He claims that, in allowing the property to go back
into the possession of Joseph G. Hill, he was submitting to the author-
ity of the rightful owner. In thus conforming to the wishes and sub-
mitting to the authority of Joseph G. Hill, the defendant virtually as-
sumed the position of the servant or agent of Joseph G. Hill, so far
as this property is concerned. He thus identified himself in interest
with Joseph G. Hill, and merged his legal personality in that of
Joseph G. Hill. In contemplation of law, the defendant, seeking to
justify himself solely by the authority of Joseph G. Hill, is the same
person as Joseph G. Hill. As to the defendant, therefore, the judg-
ment in *Hill* v. *Spear* is not *res inter alios acta*, but *res inter eosdem acta*.
If the defendant claimed a separate right or title in himself to the
property, the case might be different. But he claims no rights distinct
from those of Joseph G. Hill. He shelters himself exclusively under
the authority and right of Joseph G. Hill. He neither has, nor claims,
any rights distinct from those of his principal, as to third persons.
"His rights as to all persons, except the principal, are the rights of

the principal." His present claim is in the right of the principal, " and this right has passed *in rem judicatam.*" See Bigelow on Estoppel 63.

This view might work a great hardship to the defendant if his relation to Joseph G. Hill had been imposed upon him involuntarily. But he voluntarily chose to assume that relation, and now claims the benefit of it. He must therefore submit to all the burdens which the law annexes as incidents to that situation. But, on the ·other hand, it would be an intolerable hardship on this plaintiff to allow the defendant to assert in the right of Joseph G. Hill a title which Joseph G. Hill himself is conclusively estopped from asserting. Joseph G. Hill· has already unsuccessfully litigated this title against the plaintiff. When he was heard, all who claimed to justify their acts in reference to the property by virtue of his authority and ownership (and not on account of any separate right in themselves) were heard. Joseph G. Hill's legal ·personality included all who acted under him, without any distinct right in themselves. His servants and agents cannot now claim or assert in behalf of his title more than he himself can claim.

The defendant relies on *Hunt* v. *Haven*, Grafton, July term, 1872 (unreported), *Campbell* v. *Hall*, 16 N. Y. 575, and other kindred decisions. In those cases it was decided that a grantee was not bound by a judgment against his grantor, rendered after the conveyance from the grantor to the grantee. But there is a wide difference between those cases and the case at bar. After the conveyance, the interests of the grantor and grantee are no longer identical, and, indeed, may be antagonistic.· See 47 N. H. 479, p. 482. By the purchase the grantee recognizes the grantor's anterior title and anterior right of control, but he does not recognize that right as continuing. On the contrary, by claiming as grantee he asserts that the grantor's power over the property ceased at the instant of the ·grant. The purchase is at once an assertion of the grantor's previous right, and an assertion of the cessation of that right at the moment of purchase. Hence, he is not bound by the grantor's subsequent acts. But this defendant, when he allowed this property to be surrendered to Joseph G. Hill, did not thereby assert that Joseph G. Hill's title and right of control instantly terminated. On the contrary, he virtually asserted Joseph G. Hill's continuing right to control it. The defendant cannot take two inconsistent positions. He cannot say that Joseph G. Hill was, at the time of delivery, the owner, entitled to control the property, and at the same time assert that Joseph G. Hill, without any relinquishment on his part, or any change of circumstances, immediately ceased to be the owner, and was no longer entitled to control. On the contrary, the defendant, having grounded his defence on the position that Joseph G. Hill, at the date of the surrender, was the absolute owner and entitled to the control, must accept and be bound by all the logical consequences of that position. The position that Joseph G. Hill was then the absolute owner and entitled to control, involves the position that he continued so entitled to· the control until relinquishment on his part, or some change· of

circumstances. No such relinquishment or change of circumstances prior to the judgment is suggested.

The defendant may take whichever horn of the dilemma he pleases.

If he says that Joseph G. Hill had no right to control the property after receiving it, he cannot justify the surrender to Joseph G. Hill as against this plaintiff, who was the defendant's bailor.

If he says that Joseph G. Hill had a continuing right to control the property after receiving it, he admits the binding nature of Joseph G. Hill's subsequent acts in reference to the property. See *Rogers* v. *Weir*, 34 N. Y. 463.

The defendant is bound by the judgment against Joseph G. Hill, for much the same reason that a grantee is bound by a judgment rendered against his grantor prior to the grant. The grantee in such case asserts that the title and right of control were in the grantor at the date of the judgment; and this assertion is essential to the showing of title in himself. The grantee thus asserting that the right of control was then in the grantor, cannot deny the binding effect of the grantor's acts. Claiming the benefit of the grantor's ownership, he must also bear the accompanying disadvantages. The estoppel upon him is an application of the maxim *qui sentit commodum sentire debet et onus.* Mr. Broom expressly says that this maxim may " be applied in support and explanation " of the principle of such estoppel. Broom's Maxims, 6th Am. ed., \*681.

Upon general principles, irrespective of any special circumstances which might favor the present plaintiff, we think the defendant is estopped by the judgment in *Hill* v. *Spear*. It is therefore unnecessary to consider the legal effect of his having signed the receipt at the request of Joseph G. Hill, and upon J. G. Hill's express promise of indemnity.

The foregoing views are concurred in by a majority of the court. One or two of our number, however, as at present advised, prefer to place the decision upon a narrower ground, as follows:

If an ordinary bailee would not have been estopped by the judgment in *Hill* v. *Spear*, the inquiry is presented whether a receiptor occupies in all respects as favorable a position as an ordinary bailee. " The contract of a receiptor of property, held under attachment by an officer, is a contract *sui generis,* and the rules which govern it are framed to suit the exigencies of the case "—PARKER, C. J., in *Whitney* v. *Farwell*, 10 N. H. 9, p. 11. " If the debtor tenders a responsible receiptor, the sheriff is bound to accept him." PARKER, C. J., in *West* v. *Meserve*, 17 N. H. 432, p. 436;—and see remarks of DOE, J., in *Spear* v. *Hill*, 52 N. H. 323. The receipt, therefore, should be, and is, construed as an agreement to indemnify the sheriff for allowing the property to go out of his own hands into those of the receiptor. If the property in question had remained in the sheriff's hands, no one could now set up Joseph G. Hill's title to it. How then can that title be set up by the very man who has agreed that the sheriff shall lose no rights, and be subjected to no detriment, by allowing the property to go back into his hands ? We think it cannot.

In the view we have taken, no question arises as to the effect of the judgment in *Stewart* v. *Emerson.*

The question as to value was settled in *Spear* v. *Hill, sup.* There must be                                        *Judgment on the verdict.*