## Case No. 3,133.

### CONSOLIDATED FRUIT–JAR CO. v. WHITNEY et al.

[2 Ban. & A. 30.][1]

Circuit Court, D. New Jersey. March, 1875.

CONTRACTS UNDER PATENTS—JURISDICTION — RES JUDICATA — JUDGMENT OF STATE COURT — LIS PENDENS.

1. Where the controversy does not involve the validity of letters patent, but turns upon the force and effect of some contract under them, the state courts are the proper tribunals for the adjudication, and the federal courts cannot properly assert jurisdiction, unless the residence or citizenship of the parties confers it.

2. The application of the doctrine of res adjudicata to parties to former actions and their privies, considered.

3. A suit against three of the defendants in the court of common pleas of the city and county of New York resulted in a decree that two licenses under letters patent were fraudulent and void. *Held*, that these defendants were estopped from denying in a suit by the same complainant in a federal court brought for the infringement of the letters patent, that the licenses were fraudulent and void. *Held*, also, that the decree of the state court was res adjudicata against all the privies of the said defendants, whose rights were acquired from them after the making of said decree.

4. In cases where the law of lis pendens can be applied, it is limited in its application to parties whose rights were acquired after the suit was instituted against the grantors or vendors under whom they claim.

[Cited in Bate Refrigerating Co. v. Gillett, 30 Fed. 687.]

[In equity. Bill by the Consolidated Fruit-Jar Company against Thomas H. Whitney, Samuel A. Whitney, John L. Mason, and the Standard Union Manufacturing Company, to restrain the infringement of certain patents.]

A. Q. Keasbey and J. H. B. Latrobe, for complainant.

Abram Browning and George Harding, for defendants.

NIXON, District Judge. This is a motion for a preliminary injunction. The answer of the defendants to all the material allegations of the bill is full and complete. Assuming, as I am bound to do at this stage of the proceedings, that it is true, the application must be refused, unless the judgment in the court of common pleas of the city and county of New York, in the suit brought by the complainant against John L. Mason, John K. Chase, and Henry F. Johnson, declaring fraudulent and void the two licenses granted by Mason to Chase for the letters patent No. 22, 129, and No. 22,-186, is held to be binding upon the other defendants here sought to be enjoined.

That action was begun against Mason and Chase, on the 11th of April, 1873. Henry F. Johnson was made a party defendant by order of the court, on the 14th of July following, and an amended summons was issued July 18, requiring him and the other defendants to answer a supplemental bill filed in the cause. The final decree was entered on the 10th of February, 1874, declaring that the license executed by Mason to Chase, bearing date November 13, 1872, and recorded in the patent office of the United States February 18, 1873, was made collusively, in fraud of the rights of the complainant, and was void against said rights in the hands of Chase; and that the two several transfers or assignments of the license from Chase to Johnson—one by an instrument in writing, dated February 27, 1873, and recorded in the patent office on the 13th of June following, and the other, dated April 9, 1873, and recorded as aforesaid on the 16th—were not made in good faith and for a valuable consideration; that they vested no right or interest in Johnson, but that the same were wholly void and of no effect against the complainant, in the hands of said Johnson; and, further, perpetually enjoined the three defendants and each of them from transferring, assigning, or in any manner using, or disposing of the said grants, licenses, or assignments.[2]

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[2] [See this case on appeal. Consolidated Fruit Jar Co. v. Mason (Com. Pl. N. Y.) 7 Daly, 64.]

It must be remarked, as a preliminary consideration, that the suit in New York only referred to the patents No. 22,129, for "Improvement in moulds in making bottles," and No. 22,186, for "Improvement in screw-necked bottles," and did not involve any inquiry into the right to use the license for patent No. 19,786, for "Improvements in screw chucks" by or through the defendant Chase. The license to make and use the lathe chuck under this patent, with certain limitations and restrictions, was granted to Chase by the Sheet Metal Screw Company, in June, 1869, which limitations and restrictions were removed by a subsequent grant in August, 1871. There is nothing, therefore, in the case, which authorizes the court to enjoin any one in regard to the use of that patent, and its further consideration will be dismissed.

The ground was taken by the counsel of the defendants, that no one was estopped by the judgment of the state court of New York, because the court had in fact no jurisdiction over the subject matter of the controversy. The argument was, that the right of property in inventions was wholly the creature of the constitution of the United States, and of the acts of congress in pursuance thereof, and that all suits touching such rights are confined to the federal courts.

It is, undoubtedly, true, that the state courts have no cognizance of actions in which the validity of letters patent is involved. The jurisdiction of the courts of the United States is exclusive over such questions. Where, however, the controversy does not turn upon the letters patent, but upon the force and effect of some contract under them or in reference to them, in which the question of their validity is not raised, it has long been held that the state courts are the appropriate tribunals for the adjudication, and that the federal courts cannot properly assert jurisdiction, unless the residence or citizenship of the parties confers it. Thus, in the case of Wilson v. Sandford, 10 How. [51 U. S.] 99, where a bill had been filed in the circuit court of the United States for the district of Louisiana, to set aside a contract between the appellant and the appellees, by which the former had granted to the latter permission to use, or vend to others to be used, one of Woodworth's planing machines, and to obtain an injunction against the further use of the machine, on the ground that it was an infringement of his patent rights—the jurisdiction of the supreme court, on the appeal, depended upon the question whether the action arose "under any law of the United States granting or confirming to inventors the exclusive right to their inventions or discoveries."

The opinion of the court, dismissing the appeal, was delivered by Chief Justice Taney, in which he says: "The dispute in this case does not arise under any act of congress; nor does the decision depend upon the construction of any law in relation to patents. It arises out of the contract stated in the bill; and there is no act of congress providing for or regulating contracts of this kind. The rights of the parties depend altogether upon common law and equity principles. The object of the bill is to have this contract set aside and declared to be forfeited; and the prayer is 'that the appellant's reinvestiture of title to the license granted to the appellees, by reason of the forfeiture of the contract, may be sanctioned by the court,' and for an injunction. But the injunction he asks for is to be the consequence of the decree of the court sanctioning the forfeiture. He alleges no ground for an injunction unless the contract is set aside. And if the case made in the bill was a fit one for relief in equity, it is very clear that whether the contract ought to be declared forfeited or not, in a court of chancery, depended altogether upon the rules and principles of equity, and in no degree whatever upon any act of congress concerning patent rights." And to the same effect, also, was the opinion of Mr. Justice Nelson, in Goodyear v. Day [Case No. 5,568].

The pleadings in the suit in the court of common pleas of the city and county of New York, presented no issue in regard to the validity of the patents. The only question was as to the validity and bona fides of certain transfers and assignments of interests in and under them of which—the above cases being authority—the court had jurisdiction.

The court having jurisdiction over the subject matter, the next inquiry is, who is concluded by the judgment or decree? The general rule is, that all matters which have been once determined by judicial authority cannot be again drawn into controversy as between the parties and privies to the decision. The parties, with some exceptions not necessary here to be stated, are named in the record. They have their day in court; are interested in the property or matters involved in the litigation, and have the right to give direction and control to the proceedings. There must be an end to strife, and where a person has been summoned to appear, or voluntarily appears, and has the opportunity to maintain or deny the issues presented by the pleadings in a cause, he is ever afterward estopped from controverting the truth of the facts directly decided.

It may be said, generally, that privies are those who are partakers, or have an interest in any action or thing. The term privity denoting mutual and successive relationship to the same rights of property, privies to a suit are those who are represented by the parties and claim under them. The principle on which they are bound by the proceedings is, that they are identified with the parties in interest, and where such identity exists they are concluded by the result. The

grantee, on the transfer of land, or the vendee, on the sale of chattels, is estopped by the acts and admissions of his vendor or grantor, and by a judgment or decree against him, because he holds by a derivative title from such grantor or vendor, and cannot be in any better position than the party from whom he obtained his rights.

But here an important qualification must be stated in regard to the estoppel of privies by a judgment or decree against those with whom they are in privity. In order to bind them as privies to the judgment, their succession to the rights of property affected by it should occur after the judgment; or, if the law of lis pendens is invoked, after the service of the summons or subpoena. Freem. Judgm. §§ 162, 195. One that has acquired his title previously, must be made a party to the proceedings if he is to be bound by the result. Some confusion has arisen in the books, because this proper qualification of the rule has not always been kept in mind or stated with precision. Thus in Com. Dig. tit. "Evidence," we have the broad statement that "A verdict in another action for the same cause shall be allowed in evidence between the same parties. So it shall be evidence where the verdict was for one under whom any of the present parties claim." In Foster v. Derby, 1 Adol. & E. 790, Lord Littledale, in commenting on this paragraph, says: "But that must mean a claim acquired through such party, subsequently to the verdict; if, as it has been now argued, the rule could be extended to parties claiming other lands under the same title previously to the verdict, the effect of such verdict might be carried back for a hundred years." And, hence, the court of appeals in New York, in Campbell v. Hall, 16 N. Y. 575, held, that a mortgagee is not estopped by judgment in an action between his mortgagor and a prior mortgagee, rendered after the execution of the second mortgage, but may litigate the amount due upon the prior mortgage, notwithstanding the judgment. Selden, J., delivered the opinion of the court, and after discussing the nature of the privity between the grantor and grantee, and the reasons why the latter is estopped by the acts of the former or by judgment or decree against him, he continues: "This being the reason of the rule, it follows that it can have no application except where the conveyance is made after the event out of which the estoppel arises. The principle in such cases is, that the estoppel attaches itself to and runs with the land. The grantor can transfer no greater right than he himself has, and hence the title which he conveys must necessarily be subject, in the hands of the grantee, to all the burdens which rested upon it at the time of the transfer. On the other hand, nothing which the grantor can do, or suffer to be done, after such transfer, can affect the rights previously in the grantee. It is obvious, therefore * * * that the rule that estoppels are binding upon privies as well as parties, should be stated with qualifications." And it is because of this qualification that a tenant in possession before the commencement of an action of ejectment cannot be dispossessed by the judgment, unless he was made party to the suit, and that the assignee of a note is not affected by any litigation in reference to it beginning after the assignment, and that the foreclosure of a mortgage, or of any other lien, does not operate upon the rights of any person who is not a party to the suit, whether such person is a grantee, judgment creditor, attachment creditor, or other lien holder. Freem. Judgm. § 162.

In the case under consideration, Mason, Chase, and Johnson were the defendants in the New York suit, and hence, are bound by the decree, as to all matters determined by it. So far as they are concerned, it estops them from denying hereafter that the license from Mason to Chase, dated November 13, 1872, and the one from Chase to Johnson, by instruments in writing dated February 27, 1873, and April 9, 1873, are fraudulent transfers, and wholly void against the rights of the complainant. The Standard Union Manufacturing Company, Thomas H. Whitney, and Samuel A. Whitney, were not parties. And they are not in privity in interest and estate, with those who were parties, so as to be concluded by the final decree, because all their rights were acquired before such decree.

The suit was begun against Mason and Chase, April 11, 1873, Johnson was made a party on the 14th of the following July, and the decree against the three defendants was entered on the 10th of February, 1874. It has already been shown that an order to estop persons by a judgment or decree, because they were in privity with the parties to the suit, in relation to the same rights of property, the title which the privy derived from his grantor must be made after the event out of which the estoppel arises, to wit, the judgment or decree, and no interest or estate acquired by the privy before that date is concluded by the judgment or decree.

It only requires a statement of dates to show that the license from Mason to Chase, November 13, 1872, and from Chase to Johnson, February 27, 1873, and from Johnson to the Standard Union Manufacturing Company, April 25, 1873, and from the Standard Union Manufacturing Company to the Whitneys in December, 1873, were all executed some time before any result was reached in the suit, and hence that the said corporation defendants and the Messrs. Whitney are not here concluded by the final decree in that case.

But the counsel of the complainants have invoked against these defendants the law of lis pendens, which does not wait until judgment or decree, but begins with the service of summons or subpoena, and operates from

that date. But upon whom does it operate? It is constructive notice of the pendency of the suit only to those who have acquired some title to or interest in the property involved in the litigation from and under the parties to the suit, or some of them, since the suit was commenced. It is not applied, as may be inferred from the phrase itself, to parties whose rights were acquired before the suit was instituted against the grantors or vendors, under whom they claim. Stuyvesant v. Hall, 2 Barb. Ch. 151; Haughwout v. Murphy, 7 C. E. Green [22 N. J. Eq.] 545; Hopkins v. McLaren, 4 Cow. 678; Hunt v. Haven, 52 N. H. 170.

The last case, from the New Hampshire reports, is a recent one, where the subject was fully considered in the light of all the authorities; and the court held that one cannot be a privy in estate to a judgment or decree unless he derives his title to the property in question subsequent to and from some party who is bound by such judgment or decree.

In the present case, the suit was commenced against Chase, April 11, 1873. Johnson's title was acquired from him the previous February. Johnson was brought in as a party to the suit July 14, but he had previously, in the month of April, conveyed all his rights under the license to the Standard Union Manufacturing Company. The Whitneys claim under this corporation; but there was no legal obligation upon them to take notice of a suit pending against other parties, and they are not to be estopped by the decree from maintaining here the validity of their title.

Other questions arising from the answer, or suggested by the very elaborate arguments of counsel, have been carefully considered, but only in reference to their influence on the matter now before me, to wit, the propriety of issuing a preliminary injunction.

It was strongly urged by the counsel of the defendants, that this is a court of equity; that the case of the complainant, upon its own showing, was an attempt to get the aid of the court to recover property which it had transferred to Mason to enable him to perpetuate a fraud upon the law and the patent office, and that courts of equity never lend their help to wrong-doers.

It was also suggested that the assignment of the patents in controversy from the complainant to Mason was absolute on its face and was duly recorded, and hence was evidence to the world that Mason was the lawful owner; that neither of the Whitneys had any notice of any implied trust in favor of the complainant, but they were bona fide purchasers for a valuable consideration; and that under these circumstances the recog-

nized equity rule was applicable, that where one of two innocent parties must suffer the law imposes the loss on the party whose conduct gives rise to the loss.

It was as earnestly urged on the other hand, that "The Standard Union Manufacturing Company" was a mere agency, device, or combination, on the part of Mason, Chase, and Johnson, who with their counsel were its controlling spirits, to enable them to do, in the name and under the cover of this artificial person, what they were precluded from doing by the decree of the court of common pleas of the city and county of New York: to wit, continue the use of the licenses which had been declared fraudulent and void in their hands. It is only necessary to observe that, if this should prove to be so, the court will have no difficulty in dealing with the case. That corporation, doubtless, would be bound by all the equities existing between the complainant and these parties who organized it, and would be treated as a purchaser of the licenses with full knowledge of their fraudulent and defective title. But all this is denied in the answer, and the suspicions engendered by the conduct of the parties in regard to the organization of that corporation are not to be allowed to overcome the weight of the answer, at this stage of the proceedings. Due consideration can be given to that and several other questions, more or less discussed, only after proofs and on final hearing.

Nor have I adverted to the claim of the counsel of the complainant that the transfers or assignments of the licenses were void for lack of record within three months after their execution, because I am not satisfied that the 36th section of the act of July 8, 1870 (16 Stat. 203), requires a mere license to be recorded. It was held, that licenses were not the subjects of regulation, in the 11th section of the act of July 4, 1836 [5 Stat. 121] (Brooks v. Byam [Case No. 1,948]; Curt. Pat. §§ 179, 181), and, although there is a change of phraseology in the act of 1870, I am not willing to say. in this interlocutory hearing, that congress meant to extend its provisions so as to include assignments of a license, as well as transfers of the legal estate in the patent, within its scope and meaning.

The application for an injunction in regard to patents No. 22,129 and No. 22,186, is granted as to the defendant, John L. Mason, and is refused as to the Standard Union Manufacturing Company and Thomas H. and Samuel A. Whitney.

[NOTE. On the final hearing the court directed a decree in favor of complainant for a perpetual injunction against all the defendants, and a reference for an account against the defendants Whitney, and for damages. Case No. 3,134.]