WILLIAM MONTGOMERY and wife *v.* RICH & KREIG.

April Term, 1878.

JUDGMENT — EFFECT AS AGAINST THIRD PERSONS. — The *bonâ fide* purchaser of land may successfully contest, by bill, the claim of a creditor of the vendor by virtue of a mechanic's lien fixed by attachment and judgment before a justice of the peace, by showing that the lien-debt had been paid before the sale and judgment, that the lien was lost by a failure to register the judgment as required by statute, and, perhaps, by disproving a jurisdictional fact upon which the justice's judgment depended for its validity.

*John Ruhm*, for complainants.
*Ed. Baxter*, for defendants.

THE CHANCELLOR: — The complainants claim the lot in
controversy by deed from William Long, executed on June
16, 1870, and registered on the next day. The defendants
claim a mechanic's lien on the lot for work and labor and
materials in the erection of a house thereon, by virtue of
proceedings commenced before a justice of the peace, by
attachment issued on June 24, 1870, based on the lien and
on the fact that Long, against whom it was sued out, was
then a non-resident of the state. The attachment issued
and was levied on the same day, the constable making the
levy adding, in his return, " and set for hearing, by con-
sent, June 27, 1870." The justice's judgment, rendered
on that day, is in these words: " This day, the parties
appearing, and the defendant waiving advertisement as
required by law in attachment cases, I proceeded to hear
said case, and from the evidence find that the defendant,
Long, is indebted to the plaintiffs $95.18, by account for
materials furnished and work and labor done on the house
attached in this case, and I therefore give judgment in
favor of the plaintiffs against the defendant for $95.18."
The papers in the cause seem to have been returned to the
Circuit Court, where the land was condemned and ordered
to be sold, no copy of the condemnation being, however,
before me. This bill was filed on December 7, 1870, to
test the relative rights of the complainants and defendants,
and to enjoin a sale under the attachment proceedings.
The bill alleges that Long had left the state before the
attachment was sued out, and has never returned, and that
the recitals of the officer's return and the justice's judg-
ment, showing a consent on Long's part to the trial and to
the waiver of the advertisement as required by law, were
unauthorized and untrue. The answer of the defendants
admits that Long was absent from the state, and that the
consent and waiver were by a particular counsel named,

as the attorney of Long. Long's deposition has been taken, and he proves that he was absent from the state; knew nothing of the attachment proceedings at the time, and did not employ any attorney to appear for him, nor subsequently ratify what was done. He further proves that he had fully paid the defendants, before the suing out of their attachment, for the work and labor done by them and materials furnished in the erection of the house on the lot in controversy. This is the only evidence introduced by either party, except the proceedings before the justice in the attachment suit.

The law upon the subject of collaterally impeaching a domestic judgment, by extraneous proof tending to show the falsity of some fact on which the jurisdiction of the court rests, may be said to be in a transitional state. The old authorities, as we learn from the notes to *Crepps* v. *Durden* and *Doe* v. *Oliver*, in Smith's Leading Cases, were nearly uniform that, in courts of superior jurisdiction, a jurisdictional fact stated on the face of the record could not be averred against. The rule was otherwise in regard to judgments of inferior courts, and even of superior courts acting without the scope of its general and common-law authority, and by virtue of a special and statutory power. *Williamson* v. *Berry*, 8 How. 495. When the powers of an inferior tribunal are limited, either as to the cause of action, its locality, or amount, the restriction cannot be evaded by a finding or allegation which is contrary to the truth; and if such averment is made of record, it may be disproved, and the judgment set aside collaterally. So, the judgments of inferior tribunals may be impeached and set aside collaterally by proof of want of notice, notwithstanding an express averment or recital on the face of the record or minutes of the proceedings that notice was given. 1 Smith's Ld. Cas. (7th Am. ed.) 1103, 1129. And there has been a strong tendency of late years in the courts of the states, and still more in the Supreme Court of the United States, to allow any jurisdictional fact to be disproved collaterally against a recital

in the judgment itself of its existence. The law is thus clearly settled where the judgment of one state is sued upon in another. *Thompson* v. *Whitman*, 18 Wall. 457; *Knowles* v. *Gas-Light Co.*, 19 Wall. 58; *Earle* v. *Mc Veigh*, 91 U. S. 503. So, where the judgment of a state court is collaterally impeached in the Federal court' sitting in that state. *Elliott* v. *Piersoll*, 1 Pet. 328; *Pennoyer* v. *Neff*, 95 U. S. 714. The state courts will be compelled to follow the decisions thus made to some extent, and have already, in a few instances, gone fully as far in the collateral attack of a domestic judgment. *Mastin* v. *Duncan*, 6 Cent. L. J. 328, a decision of the Supreme Court of Kansas, reviewing the authorities.

In this state, the distinction between the judgments of courts of superior and inferior jurisdiction has generally been ignored. The weight of authority is that the judgment of a justice of the peace cannot be collaterally attacked by parol testimony, — as, by showing the erasure by the justice of the name of one of the defendants after the rendition of the judgment ( *Turner* v. *Ireland*, 11 Humph. 447), or by proving that the cause of action was beyond the justice's jurisdiction. *Witt* v. *Russey*, 10 Humph. 208; *Hall* v. *Heffly*, 6 Humph. 444. But see, *contra*, on the point of jurisdiction, *Clark* v. *Stroud*, 1 Swan, 274; *Wolf* v.*Eakerly*, 1 Swan, 274.

These decisions are in cases where the judgments were sought to be impeached by a party to them. The case before us is that of a third person who is seeking to avoid the effect of the judgment of a justice on realty, the title to which was acquired by such third person previous to the rendition of the judgment. It is not exactly a' collateral attack on the judgment. It is rather the assertion of a right which, the bill insists, should not be affected by the judgment. And the question is not so much the invalidity of the judgment, as of the complainant's right to contest with the defendants, as between them, facts which the de-

fendants may claim as settled in their favor, against Long, by the judgment.

As a general principle, a transaction between two parties in a judicial proceeding will not be binding on a third party. "For," to use the words of De Grey, C. J., in the *Duchess of Kingston's Case*, 20 How. St. Tr. 355 (2 Smith's Ld. Cas. 609), " it would be unjust to bind any person who could not be admitted to make a defence, or to examine witnesses, or to appeal from a judgment he might think erroneous; and, therefore, the depositions of witnesses in another cause in proof of a fact, the verdict of a jury finding the fact, and the judgment of the court upon facts found, although evidence against the parties and all claiming under them, are not, in general, to be used to the prejudice of strangers." And see *Boles* v. *Smith*, 5 Sneed, 105; *Simpson* v. *Jones*, 2 Sneed, 36. Accordingly, it has been held that a mortgagee of land is not estopped by a judgment, in an action between his mortgageor and a prior mortgagee, rendered after the execution of the second mortgage, but may litigate the amount due upon the mortgage, notwithstanding the prior judgment. *Campbell* v. *Hall*, 16 N. Y. 575. Proceedings by attachment are not *in rem*, but *in personam*. *Green* v. *Shaver*, 3 Humph. 139; *The Bold Buccleugh*, 7 Moo. P. C. 267; *Munkin* v. *Chandler*, 2 Brocken. 125. The judgment in such proceedings, like an ordinary judgment *inter partes*, affects only the actual parties to the litigation and those who claim through them subsequently. *Haynes* v. *Gates*, 2 Head, 598; *Myers* v. *Beeman*, 9 Ired. 116. The complainants have the right, therefore, to contest with the successful litigant those matters which bear upon their rights, just as if no such judgment had been rendered. And they have proved by Long himself that the defendants' debt, so far as it could claim to be a mechanic's lien on their land, was paid before the attachment suit was instituted. The bill and answer being both sworn to, one witness is sufficient under the settled

chancery rule in this state. *Searcy* v. *Burton*, Cooke, 112 ; *McLard* v. *Linnville*, 10 Humph. 163. Besides, the answer of the defendants, in accord with the allegations of the bill and the proof of Long, admits that the defendants furnished " some doors, etc," upon Long's order, to third persons, for another house than the one built on the lot in controversy, " after the materials were furnished for " the latter house. The burden of proof is thus thrown upon the defendants, as between them and complainants, to show affirmatively the existence of a mechanic's lien for any portion of the debt claimed.

There is another obstacle in the way of the defendants in this case. The Code gives the mechanic a lien for one year from the completion of the work, " and until the decision of any suit that may be brought within that time for the debt due the mechanic." Sec. 1985. By section 3547, the lien for all sums within a justice's jurisdiction is directed to be enforced, before the justice, by an execution levied on the land after the judgment rendered on the attachment, and then " the papers shall be returned to the Circuit Court, there to be proceeded upon as in other cases of levy of justice's execution on land." So, if the lien is sought to be enforced, under the act of 1873, sec. 19, by a simple suit and levy of execution. But the next section of the Code, sec. 3548, provides : "No justice's execution in any such case shall be a lien on the land, unless, within twenty days after the rendition of the judgment, an abstract thereof, showing the names of the plaintiff and defendant, the date and amount of the recovery, be registered in the office of the register of the county in which the judgment is rendered." The plain meaning is, that the execution shall cease to operate as a continuance of the mechanic's lien unless registered as prescribed. The reason of this provision is, perhaps, that the date of the commencement of the lien not being fixed by the judgment of the justice, which only determines the amount due, it was deemed advisable to give

notice by registration, so as to put purchasers upon inquiry. No such registration appears to have been made in this case, and the lien of the defendants can only relate to the date of their attachment, which was subsequent to the conveyance of the complainants.

The complainants are entitled to the relief sought.