HART Z. NORTON AND ELDRIDGE D. NORTON, RESPOND-
ENTS, *v.* CHRISTOPHER B. KEOGH, APPELLANT.

*Evidence — the rule excluding oral evidence, tending to vary the terms of a written
agreement, does not apply to one who is a stranger to it.*

This action was brought to recover the amount due to the plaintiffs for labor and materials furnished by them, as plumbers, in erecting eighteen houses upon property belonging to the defendant. The plaintiffs commenced to work under a written agreement made between them and one Birdsall, who was to perform the work. Birdsall having died, after about one-third of the work was done, the defendant took charge of it and directed the plaintiffs to proceed with its performance.

The defendant, in his answer, stated that he assumed Birdsall's obligations and rights under the agreement, but that the quantity, style, finish, workmanship, quality and all other matters pertaining to the plumbing and gas-fitting were embodied in written specifications and plans which were submitted to and examined by the plaintiffs and formed the basis of the agreement with Birdsall.

Upon the trial the defendant undertook to show the contents of these written specifications by the cross-examination of the plaintiffs, but was not permitted to do so upon the ground that as the specifications were not referred to in the written agreement, such evidence was inadmissible.

*Held,* that the referee erred in so ruling.

That as the defendant was a stranger to the agreement, the rule excluding oral evidence to add to, enlarge or restrict a written instrument did not apply.

APPEAL from a judgment in favor of the plaintiffs entered upon the report of a referee.

*W. T. Birdsall,* for the appellant.

*A. M. & G. Card,* for the respondents.

DANIELS, J.:

The judgment was recovered for the amount of the plaintiffs' bill for labor and materials as plumbers, in eighteen houses erected upon the property of the defendant. They were not employed to do the plumbing by him or any person acting under his authority, but commenced the work under a written agreement made between them and Anson B. Birdsall, having it in charge, or being the person who was to perform it. He died after about one-third of the work had been done, and the defendant then took charge of it and directed the plaintiffs to proceed with its performance, which they afterwards did. By his answer it was stated that he assumed Birdsall's obligations and rights under the agreement and became entitled to its benefits. But it was further stated in this part of the answer that the quantity, style, finish, workmanship, quality and all other matters pertaining to the plumbing and gas fitting, were embodied in written specifications and plans submitted to and examined by the plaintiffs and forming the basis of their agreement with Birdsall. And upon the trial of the action the defendent proposed, by the cross-examination of the plaintiffs, to prove these specifications. They were not referred to in the agreement itself, and when the proof was offered it was objected to by the plaintiffs " for the reason that the paper speaks for itself and is embodied in a written instrument, and any conversation that took place prior to that time would not now be admissible. It is illegal and improper." This objection was sustained by the referee and an exception was taken to the ruling by the defendant. And questions which were put to the witness following this exception, designed to prove that there were specifications, were excluded by the referee. The witness did, however, state that he never saw the papers shown him that he knew of, but that was not sufficient to correct the errors in the preceding ruling if they were improperly made.

And that they were improperly made results from the authorities defining the rule, under which the referee excluded the evidence, for the defendant was not stated in the agreement to be a party to it; neither did it in any manner refer to him, but he was a stranger

to the agreement, assuming its performance after the death of Birdsall, upon the understanding mentioned by him that it proceeded upon and followed the acceptance of the specifications. And if that were the fact he was entitled to show it by the evidence proposed to be given on the trial, for the rule excluding parol evidence to add to, enlarge or restrict a written instrument does not apply to a person who is a stranger to the agreement. (*Overseers, etc.,* v. *Overseers,* 10 Johns., 229 ; *McMaster* v. *President, etc.,* 55 N. Y., 223 ; *Brown* v. *Thurber,* 77 id., 613.)

It sustains the agreement, when reduced to writing and subscribed by the party, against the effect of such evidence when offered by him, or in favor of others standing in privity with him. But such was not the relation of the defendant to this agreement, for this term " privity " has been defined in law to include only mutual or successive relationships to the same rights of property. (1 Green. on Ev. [7th ed.], § 189.) And it was so considered and understood in the case of *Campbell* v. *Hall* (16 N. Y., 575).

What the defendant was entitled, under his answer, to prove was that he had adopted and assumed Birdsall's agreement, so far as it had been made upon the basis of the written specifications proposed to be proved. And if he had made such proof, then the plaintiffs would be entitled to recover in the action only as their work was done in conformity to the specifications ; and where they had failed in that respect, they might very well be liable, in damages, for their omission or defective work to the defendant.

The subsequent proceedings, upon the trial, were not such as to obviate the effect of the rulings made as to this proof by the referee ; and because of these rulings, and others made concerning evidence received by him not free from difficulty, the judgment should be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.