Daniels, J.
The judgment was recovered for the amount of the plaintiffs’ bill for labor and materials as plumbers in eighteen houses erected upon the property of the defendant. They were not employed to do the plumbing by him or any person acting under his authority, but commenced the work under a written agreement made between them and Anson B. Birdsall, having it in charge, or being the person who was to perform it. He died after about one-third of the work" had been .done, and the defendant then took charge of it and directed the plaintiffs to proceed with its performance, which they afterwards did. By his answer it was stated that he assumed Birdsall’s obligations and rights under the agreement and became entitled to its benefits. But it was further stated in this part of the answer that the quantity, style, finish, workmanship, quality and all other matters pertaining to the plumbing and gas fitting were embodied in written specifications and plans submitted to and examined by the plaintiffs and forming the basis of their agreement with Birdsall. And upon the trial of the action they proposed by the cross-examination of the plaintiffs to prove these specifications. They were not referred to in the agreement itself, and when the proof was offered it was objected to by the plaintiffs “for the reason that the paper speaks for itself and is embodied in a written instrument, and any conversation that took place prior to that time would not now be admissible. It is illegal and improper.” This objection was sustained by the referee, and an exception was taken to the ruling by the defendant. And questions which were put to the witness following this exception designed to prove that they were specifications were excluded by the referee. The witness did, however, state that he never saw the papers shown him that he knew of, but that was not sufficient to correct the error in the preceding ruling if they were improperly made. And that they were improperly made results from the authorities defining the rule, under which the referee excluded the evidence, for the defendant was not stated in the agreement to be a party to it; neither did it in any *489 manner refer to him, but he was a stranger to the agree ment, assuming its performance after the death of BirdsaE, upon the understanding mentioned by him that it proceeded upon and foEowed the acceptance of the specifications. And if that were the fact he was entitled to show it by the evidence proposed to be given on the trial, for the rule excluding paroi evidence to add to, enlarge or restrict a written instrument does not apply to a person who is a stranger to the agreement. Overseers, etc., v. Overseers, 10 Johns., 229; McMaster v. President, etc., 55 N. Y., 223; Brown v. Thurber, 77 id., 613.
It sustains the agreement when reduced to writing and subscribed by the party against the effect of such evidence when offered by him, or in favor of others standing in privity with him. But such was not the relation of the defendant to this agreement, for this term “privity ” has been defined in law to include only mutual or successive relationships to the same rights of property. 1 Greenleaf on Evid. (7th ed.),_§ 189. And it was so considered and understood in the-case of Campbell v. Hall (16 N. Y., 575).
What the defendant was entitled under his answer to prove was, that he had adopted and assumed BirdsaE’s agreement so far as it had been made upon the basis of the written specifications proposed to be proved. And if he had made such proof then the plaintiffs would be entitled to recover in the action only as their work was done in conformity to the specifications. And where they had failed in that respect they might very well be hable in damages for their omission or defective work to the defendant.
The subsequent proceedings upon the trial were not such as to obviate the effect of the ruhngs made as to this proof by the referee. And because of these ruhngs and others made concerning evidence received by him not free from ■difficulty, the judgment should be reversed and a new trial ordered, with costs to abide the event.
Davis and Brady, JJ., concur.