It is impossible to distinguish this case from that ofHerring v. Hoppock (15 N.Y., 409). The doctrine laid down in that case is decisive of the present. The arrangement there in all its essential features, was like that in this case. It was then held that wherever there is a condition precedent attached to a contract of sale of personal property, and the condition is not waived by an absolute and unconditional delivery, no title passes to the vendee until he performs the condition or the holder waives it. In this case there was such a condition precedent, and the delivery of the horse to Vandermark was not absolute, and it follows that no title passed to him. The sale, therefore, of the horse on the execution against Vandermark, and the purchase thereof by the appellant, transferred no title to the horse to him, for the reason that Vandermark had no such title as was subject to levy and sale on execution. An absolute transfer by Vandermark to another having full knowledge of the character of his possession and of the arrangement with the plaintiff, would have passed no title to the horse. At the extent, Vandermark's assignee would have only acquired the rights which he had under the arrangement with the plaintiff, and if he did not pay the price agreed on, on the day named, such assignee would have been bound to restore the possession of the horse to the plaintiff.
Neither did the appellant acquire any title to the plaintiff's horse by the recovery of the judgment against him by Vandermark, and his payment of that judgment. By the arrangement with the plaintiff, Vandermark was entitled to the use and possession of the horse, until the 1st of November, 1851. If the appellant wrongfully disturbed that possession, and deprived *Page 600 
Vandermark of such use, unlawfully, he of course subjected himself to such damages as Vandermark sustained by reason of his wrongful acts. The recovery and payment of such damages, in no way impaired or affected the plaintiff's rights. The proceedings in that suit, were as to him res inter alios acta, and the circumstance that he was a witness on the trial, in no sense concluded him, by any determination made in the case, I see no reason for doubting the correctness of the judgment of the Supreme Court, and I am in favor of its affirmance with costs.