JOHN G. LAWRENCE *v.* ANTHONY F. CAMBPELL.

The prosecution of a limit bond to judgment and execution by the sheriff to whom it was given, is no estoppel on an appeal from the judgment rendered against the sheriff for the escape of the prisoner from the limits for which such bond was given.

The judgment against the sureties on the limit bond is no estoppel in such case, because it was not between the same parties; and estoppels to be available must be mutual.

Such judgment is not an equitable estoppel unless the sheriff has realized the whole amount which he would be obliged to pay for the escape.

Nor will the sheriff be estopped from appealing from such judgment, though he has collected a part of the judgment against the sureties on the limit bond.

MOTION by Mr. John Sessions, on behalf of the plaintiff, to dismiss an appeal taken by the defendant. Judgment for the plaintiff after a trial had had been entered for $2,966.88. The action was against the defendant as sheriff of Kings county, for the escape of one Cornwall, who had been committed to jail on final process, in a civil action, at the suit of the plaintiff. The question on the trial was as to the extent of the jail limits, it being maintained by the defendant and denied by the plaintiff, that they embraced what was formerly the village of Williamsburgh, which had been consolidated, by an act of the legislature, with Brooklyn. The question was determined against the defendant, and judgment was perfected on the verdict. The defendant, the sheriff, then prosecuted a suit on the limit bond and recovered an amount equal to the judgment against him. On the *fi. fa.* in the limit action, there was realized the sum of fifteen hundred dollars ($1,500), including an interest in some real estate which was bid off by the sheriff. After this, the present appeal was brought by the sheriff to reverse the judgment against him.

*P. L. Crooke,* for the defendant.

*Per curiam:* The appeal having been brought within the time limited by the statute, the appellant has a right to prose-

cute it unless he is estopped by the special circumstances existing when it was brought. The appellant has recovered judgment for an equal amount against the obligees on the indemnity bond which he had taken; but he has not obtained satisfaction within about one thousand dollars. To that extent his indemnity appears to have failed. The judgment against the sureties on the limit bond does not operate by way of strict estoppel, because it was between other parties; and estoppels, to be available, must be mutual. And it is not an equitable estoppel, because under it the sheriff did not realize the whole amount which he would be obliged to pay if the judgment against him should be collected. If that judgment is erroneous, he ought to have it reversed, and thus to save himself from loss. We cannot, on this motion, determine what, in case of the reversal of the principal judgment, shall be done with the money collected of the sureties on the limit bond. The plaintiffs certainly will not be entitled to it, for it will then appear that they had no cause of action. It would seem equitably to belong to the sureties. It will be in the power of the Supreme Court to order it to be paid to them. No doubt there is an inconsistency between the judgment which the defendant has obtained against the sureties and that which he seeks for in the reversal of this judgment. But the plaintiffs, being strangers to the judgment against the sureties, cannot avail themselves of it to set aside the appeal.

Motion denied.