Carmack *v.* Gordon.

---

*[General Term, January, 1873.]*

## T. J. CARMACK *v.* W. J. M. GORDON.

Where the only error assigned is, that the verdict of a jury was against the evidence, the law, and the charge of the court, and the court below overruled a motion for a new trial based on such grounds, the evidence must have been clearly with the party seeking to reverse the judgment.

Ordinarily, where personal property is sold and the possession delivered to the purchaser upon condition that it is to remain the seller's until paid for, a purchaser from such conditional buyer, for full value,

in good faith, and without notice of the original vendor's rights, acquires no title, as against the latter, unless such original vendor has done some act to induce such innocent third person to purchase *other* than delivering possession of the property conditionally sold to the conditional purchaser. The latter has no better right to sell and pass title than a mere bailee.

*B. C. True*, for plaintiff, in error.

*Matthews & Ramsey*, for defendant in error.

YAPLE, J. This is a proceeding in error instituted here to reverse a judgment in replevin, rendered at Special Term, in favor of Gordon and against Carmack.

Gordon brought an action of replevin against Carmack to recover the stock of a drug store, of which he claimed to be the owner and entitled to the possession, and which he averred Carmack wrongfully detained from him, to his damage, etc.

The issue was a general denial, which was tried to a jury, and resulted in a verdict and judgment for the plaintiff, Gordon. A motion was made for a new trial, on the grounds that the verdict was against the evidence, the law, and the charge of the court. The motion was overruled and judgment rendered upon the verdict. A bill of exceptions, embodying all the evidence and the charge of the court, was taken by Carmack. The plaintiff in error admits the correctness of the court's charge, but insists that the verdict was contrary to its requirements. We have carefully read all the testimony, and can not say that the verdict was not fairly warranted by the evidence and the law as given by the court.

In April, 1870, Gordon, according to the evidence, sold the goods, *conditionally*, to White and Harmon, who received possession of them, paid part of their price, and agreed to pay the residue in ten days—they to belong to Gordon until paid for; and the purchasers removed them to a store which they had provided. There was evidence,

however, tending to show that they were not to sell any goods until they paid Gordon.

White and Harmon sold the goods to Carmack, but the evidence tended to prove that, during his negotiations for the purchase, and also before he paid White and Harmon for any part of them, he was fully advised of Gordon's rights in, and claims upon them.

From the nature of these goods, and the fact that the world would think them intrusted to their possessor for sale in the usual course of trade, it might properly be that ordinary purchasers from their possessor could estop the principal from denying the seller's agency for him, but such estoppel could hardly be claimed to exist in favor of one who might buy the entire stock of the person in actual possession for the purpose of carrying on business. There was also evidence that the time of payment was extended by Gordon, and the sale made absolute.

The law upon the subject of conditional sales of personal property, where the purchaser is given the possession, is becoming pretty well settled.

One of the leading cases on the subject is *Ballard* v. *Burgett*, 40 N. Y. 314. There it was held, two judges dissenting, that where the plaintiff sold and delivered to the purchaser a yoke of oxen, and it was agreed that they were to remain the property of the seller until paid for, and such purchaser afterward, before he had paid for them, sold the oxen to the defendant, who paid a full price for them and bought in good faith, without notice of the plaintiff's rights, such last purchaser acquired no title as against the plaintiff. The plaintiff did nothing to mislead the defendant, except to deliver the oxen to his conditional vendee. The court held that that alone should no more estop than the delivery of goods to a bailee, who, by virtue of his possession merely, can not sell the bailed property and confer title upon the purchaser; that, in no case, except as to commercial paper, can the *bona fide* purchaser of personal property acquire a better title than that of his vendor.

See also Story on Sales, secs. 313, 400, 457, *a;* Hilliard on Sales, 34, 47, 48, 157, secs. 2, 3, 4; Long on Sales, 164; Williams' Pers. Prop. 498, 76; Smith's Mer. Law, 594; Morris on Replevin, 82; *Roland* v. *Gundy,* 5 Ohio, 202; *Bradeen* v. *Brooks,* 9 Shep. 463; *Morrill* v. *Moulton,* 40 Vt. 199; *Cass* v. *Jennings,* 17 Texas, 661; *Fawcett* v. *Osborn,* 31 Ill. 411; *Little* v. *Page,* 44 M. 412; *Allen* v. *Delano,* 55 Maine, 113; *Whitney* v. *Gray,* (Mass.) 225; *Hirshour* v. *Canney,* 98 Mass. 149; *Putnam* v. *Lamphier,* 36 Cal. 151; Benj. on Sales, 237, 238; *Herring* v. *Hoppock,* 15 N. Y. 409; *Hutchings* v. *Munger,* 41 N. Y. 155; *Hasbrouck* v. *Lounsbury,* 26 N. Y. 598; *Sargent* v. *Metcalf,* 5 Gray (Mass.), 506; *West* v. *Bottom,* 4 Vt. 558; *Bunson* v. *Dougherty,* 11 Humph. 50; *Ballew* v. *Sudduth,* 10 Ired. 176.

As to what will estop such conditional seller from setting up his title against a purchaser from his conditional vendee, the decisions in Ohio upon estoppels *in pais* will readily occur to the profession.

In this case there was no element of estoppel; yet, in view of its nature, the goods being such as are employed in the retail drug trade, the court charged the jury that White and Harmon's sale to Carmack passed the property in the goods to him, unless he was not an innocent purchaser, in good faith, for value, and every charge asked by Carmack's counsel was given. The law was charged most favorably for the defendant, but, according to such a rule of law as the court announced, the evidence fairly warranted the jury in finding as they did.

The judgment is affirmed, without penalty.