## THOMAS M. TYNG, Plaintiff, *v.* LEMUEL B. CLARKE, Defendant.

*Judgment in favor of corporation — operates as an estoppel, in action against its trustees because of failure to file annual report.*

This action was brought to charge the defendant, as a trustee of a corporation, for a debt due therefrom, on the ground that no report had been filed as required by law. Upon the trial the defendant gave in evidence against plaintiff's objection and exception, a judgment roll in an action by the plaintiff against the corporation to recover the same debt, in which a judgment was rendered for the corporation upon the merits. *Held,* that the judgment roll was properly received, and that it was conclusive against the plaintiff's right to recover in this action. (Daniels, J., dissenting.)

Motion for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after an order dismissing the complaint herein.

This action was brought to charge the defendant, as a trustee of the United States Submarine and Torpedo Boat Company, with individual responsibility for a debt of that company, on the ground that said company did not, within twenty days from the 1st day of January, 1870 and 1871, make, file and publish the report required to be so made, filed and published by section 12 of the general manufacturing act of 1848, under which the said company was organized.

The answer concedes all the facts except the existence of the indebtedness of the company.

On the trial of the action at Circuit, after the counsel for the plaintiff had opened to the jury, and before he could introduce any evidence to prove his case, the counsel for the defendant offered in evidence, on the part of the defendant, a judgment roll in an action in which this plaintiff sued the said company for the same debt as is involved in this suit, and in which the complaint was dismissed with costs.

Counsel for the plaintiff objected to the admission in evidence of the judgment roll on the following grounds:

First. That it was not an adjudication between the same parties, and therefore incompetent as an estoppel against the plaintiff in the present action.

Second. That it was not offered at the proper time, it being an affirmative defense set up in the answer; and that the plaintiff was entitled to proceed with his evidence and develop his entire case, before the defendant was at liberty to offer any evidence.

Third. That it was not such a judgment upon the merits of the issues involved, as would be a bar to another action for the same debt between the same parties.

Counsel for the defendant then moved upon the judgment roll, thus admitted, to dismiss the complaint, which motion was granted, and the plaintiff duly excepted.

The exceptions were ordered to be heard at the General Term in the first instance, and the entry of judgment was in the mean time suspended.

*Thomas M. Tyng*, plaintiff, in person. The judgment roll was not admissible as evidence in this action, in favor of the defendant Clarke, because it was not an adjudication between the same parties or their privies. (*Goddard* v. *Benson*, 15 Abb., 191; *Atlantic Dock Co.* v. *The Mayor*, 53 N. Y., 64; *Booth* v. *Powers*, 56 id., 22; *Stowell* v. *Chamberlain*, 60 id., 272; *Kent* v. *Kent*, 62 id., 560, 566; *Miller* v. *White*, 50 id., 132.) In all actions at law the party holding the affirmative of the issue has the absolute vested right to open and close the action. While it is somewhat within the discretion of the court to control the order of proof, it is not within its discretion to tolerate such an irruption upon the plaintiff's rights as was here permitted. (*Millard* v. *Thorn*, 56 N. Y., 402; *Lindsley* v. *Petroleum Co.*, 10 Abb. [N. S.], 107.) The former adjudication was simply a dismissal of the complaint, and therefore would not have been an estoppel in a subsequent suit against the company for the same cause of action. (*Wheeler* v. *Ruckman*, 51 N. Y., 391.)

*Fithian & Clark*, for the defendant. The judgment is final and a bar to this suit. (*Dexter* v. *Broat*, 16 Barb., 337; *Embury* v. *Connor*, 3 Comst., 512; *Burr* v. *Bigler*, 16 Abb., 177; *Bruce* v. *Howes*, 2 Barb., 586, 596, 597.) It is conclusive in this suit on the plaintiff as to all the facts adjudged. (*Craig* v. *Ward*, 3 Abb. [N. S.], 235; *Doty* v. *Brown*, 4 Comst., 71; *Castle* v. *Noyes*, 14 N. Y., 329, 331; *Demarest* v. *Darg*, 32 id., 281; *Bouchaud* v. *Dias*, 3 Den., 238; *O'Brien* v. *Browning*, 49 How., 109; *Bush* v. *Knox*, 2 Hun, 576.) The cause of action in this suit is different from the cause of action in the suit against the company, but the determination in that suit is conclusive because the same question was determined there on which this suit depends. (*Doty* v. *Brown*, 4 Comst., 75; *Goddard* v. *Benson*, 15 Abb., 193.) The *matter* which the plaintiff now attempts to agitate is *res adjudicata*. (*The People* v. *Stephens, Gale et al.*, N. Y. Weekly Digest, July 20, 1876, p. 518; *Lawrence* v. *Hunt*, 10 Wend., 81; *Bates* v. *Stanton*, 1 Duer, 79; *Green* v. *Clarke*, 12 N. Y., 343; *Thomas* v. *Hubbell*, 18 Barb., 9; *Raymond* v. *Howland*, 12 Wend., 176; *Boynton* v. *Willard*, 10 Pick., 166, 168; *Dexter* v. *Broat*, 16 Barb., 337.)

Brady, J.:

The plaintiff failed in his action against the company, and the judgment establishes, until reversed, that he has no claim against it arising out of the transactions litigated. The judgment is therefore conclusive against him. Assuming the liability of the defendant as a trustee, he is responsible only for the debts of the company. The plaintiff sues to recover from the defendant his claim against the company, and the answer is: "You have none; the tribunal to which you appealed has so declared." If the opposite of this proposition be adopted, then the plaintiff has two chances of success on different actions, for the same claims, and in which the results might be conflicting.

It may well be, as shown by Justice Daniels, that the plaintiff was not bound to commence his action against the company before prosecuting his claim against the defendant; but having done so, he cannot ignore the proceeding. The remedy he sought has been denied by a court having jurisdiction to pass upon the claim presented, and the judgment pronounced is conclusive against him as long as it remained.

The judgment should be affirmed.


Davis, P. J.:

I concur with Brady, J. The plaintiff in this case could not have two remedies; that is to say, he could not recover of the corporation the full amount of his claim, and recover the same of the defendants also. The moment his claim against the corporation should be extinguished by payment or otherwise, his right to prosecute this action would cease. A mere recovery against the corporation without satisfaction would not have that effect; but if a recovery *with satisfaction* should be had against the present defendant, would not the latter, by equitable subrogation, be entitled to the demand against the corporation and to participate in its assets; at least after creditors were fully satisfied? How then, can plaintiff be permitted to recover a claim which has no existence as between himself and the corporation?

That is this case. The plaintiff can assert no claim against the company, nor transfer any to another. The highest evidence against the defendant that he has no claim upon the company, is

the record of judgment rendered against him in his action against the company.

He is bound to establish that at the time of the commencement of this action the corporation was indebted to him for the sum now demanded. How can he do that in the face of the judgment record, which adjudicates finally and conclusively against him that there is no such indebtedness?

It is true the defendant was not a party to the record in that action. But he was a stockholder, and so far as the result was to affect his personal liability under the statute, he ought to be deemed so far a party in interest, that the adjudication in that suit that no debt existed against the company, should be conclusive in his favor, in any subsequent action which might be brought for the same indebtedness. There could, in such a result, be no collusion between the plaintiff and the corporation to the disadvantage of the former. It does not lie in the mouth of the plaintiff to say that the result in the action against the corporation may have been collusively obtained; and that fact distinguishes this case from those which hold that a recovery in the suit against the company does not establish the indebtedness against a stockholder subsequently sued.

I think the record was properly admitted in evidence against the plaintiff, and was conclusive; and I concur that the judgment should be affirmed.

DANIELS, J. (dissenting):

This action was instituted to recover against the defendant, as trustee of the United States Submarine and Torpedo Boat Company, the amount of a debt owing from the company to the plaintiff, which was alleged to have accrued in March, 1866. The company was incorporated under the act providing for the formation of manufacturing and other corporations; and the defendant was prosecuted, as one of the trustees, because no report was made of its capital, the proportion paid in, and the amount of its existing debts, either in January, 1870, or January, 1871, as the law required it should be. (2 R. S. [5th ed.], 661, § 35, amended by chap. 657, Laws of 1871, § 3.) When the trial was brought on, the defendant was permitted to show that the plaintiff had pre-

viously prosecuted an action for the same demand against the corporation itself, and that judgment had been rendered against him and in favor of the corporation, on the merits of the case. The court held that judgment to be a bar to the present suit, and dismissed the plaintiff's complaint. Whether that was a lawful disposition of the case is the only point now required to be considered and decided by this court.

The statute did not require the prosecution of an action and the recovery of a judgment against the corporation before a suit for this omission could be maintained against its trustees, but it imposed upon them an absolute liability for the debts of the corporation, then existing or afterwards contracted, before the making of such report. The report was required to be made, published and filed in the office of the clerk of the county in which the business of the company was at the time carried on, and for a default in that respect the trustees were declared liable for these debts. As no suit was first required to be maintained for the recovery of such a debt against the corporation before the trustee could properly be prosecuted for its payment, a judgment against the corporation would have been no evidence against him of its liability. (*Miller* v. *White*, 50 N. Y., 137.) The existence of the debt, and the liability of the corporation upon it, would be entirely open to controversy in an action upon it against a trustee, even if a judgment upon it had been first recovered against that body. He would be in no respect bound by such a judgment, for the reason that he was in no legal sense a party to the proceeding. As to him, the judgment would be wholly inoperative. It would be binding only upon the parties to the action, and those standing in privity with them, or allowed by one of them to prosecute or defend the action in his name, or who had, in effect, stipulated to be answerable for the result of the litigation. And the defendant sustained no such relation to the judgment. In *Lawrence* v. *Hunt* (10 Wend., 81), it was held that " the general rule undoubtedly is, that the verdict or judgment must be between the same parties, or those claiming under them, and that a verdict or judgment is not binding upon a third person who has not had an opportunity to make a defense, or to appeal from the judgment, if erroneous. Neither can a stranger give in evidence the verdict or judgment

against a party to the record, because had such stranger been a party to the former trial the evidence and result might have been entirely different." (Id., 83; *Hasbrouck* v. *Lounsbury*, 26 N. Y., 598; *Slauson* v. *Englehart*, 34 Barb., 198.)

In *Lansing* v. *Montgomery* (2 Johns., 382), one joint trespasser relied upon a judgment in favor of another joint trespasser, as a defense to the action afterwards prosecuted against himself, and it was held to be no bar, for the reason that " one who is not bound by cannot take advantage of an estoppel." (Id., 383.) That case was analogous to the present one, for the liability of the corporation and of the trustee, was of a distinct and several nature, as much as that of joint tort-feasors. (*Lawrence* v. *Campbell*, 32 N. Y., 455.) Substantially the same rule was acted upon in *Castle* v. *Brown* (14 id., 329), where the judgment was only held binding upon the master, because he actually defended the action in which it was recovered in the name of his servant. It was there declared that, upon the facts shown, the parties are to be regarded as the same; " it is by no means true that in order to constitute an estoppel by judgment the parties on the record must be the same. The term has a broader meaning; it includes the real and substantial parties, who, although not upon the record, had a right to control the proceedings and appeal from the judgment." (Id., 335.) In the present case the defendant could have done neither, in the action prosecuted by the plaintiff against the corporation. " Under the term parties, in this connection, the law includes all who are directly interested in the subject-matter, and had a right to make defenses, or to control the proceedings and to appeal from the judgment; this right involves also the right to adduce testimony and to cross-examine the witnesses." " Persons not having these rights are regarded as strangers to the cause." (1 Greenl. on Ev. [7th ed.], 654, § 523.) The term parties includes not merely those who are named as such in the action, but it extends to all who stand in privity with them, and that comprehends all who afterwards derive title to the subject-matter of the litigation, from or under one of the parties to the record (id., § 189), but it will not affect or include an interest acquired previous to the commencement of the action. (*Campbell* v. *Hall*, 16 N. Y., 575.) Within this principle, there was no such privity between the defendant

and the corporation as would affect him by a judgment against the latter, and, consequently, he cannot, on any such relation, avail himself of its protection. (*Lawrence* v. *Campbell*, 32 N. Y., 455.)

In *Douglass* v. *Howland* (24 Wend., 35), it was held by COWEN, J., that "the verdict is not only evidence against the immediate parties, but against all claiming under them; which very nearly expresses the meaning of the word 'privy,' when used to signify those persons off the record who may be affected to the same extent as if they were parties. It means any one who takes the subject-matter of litigation after the suit is determined, or, in some cases, while it is pending. He is either a privy in blood — as an heir on whom the estate in litigation descends, a privy in estate, as one who takes by conveyance, or a privy in law, as one who takes a right of dower. In all these cases the reason is obvious, the heir, purchaser, etc., always comes in subject to any act or default of the predecessor, by which the title may have been affected. But, subject to this exception, the law is extremely jealous of the rights of all who are not actual parties, even though they may appear and be made so." (Id., 53.) And neither *Embury* v. *Conner* (3 Comst., 512), nor *Bush* v. *Knox* (2 Hun, 576), or either of the other cases relied upon in support of the ruling made at the Circuit, is in conflict with this principle or sustains the defense of the defendants.

As the defendant was not in legal privity with the corporation, he was not, under the principle applicable to that relation, bound by the judgment. He had in no way stipulated, by any conventional arrangement, for his conclusion by such a result, and did not make himself a constructive party to the action; neither did he sustain the relation of a bailor or bailee to it. Consequently, as he could not avail himself of the judgment, if it had been in his favor, because of either of these relations to the litigation resulting in it, the principles applicable to them does not apply to or sanction this defense. (*Thomas* v. *Hubbell*, 15 N. Y., 405 ; *Bridgeport Fire Ins. Co.* v. *Wilson*, 34 id., 275 ; *Konitsky* v. *Meyer*, 49 id., 571 ; *Green* v. *Clarke*, 2 Kernan, 343.) As there was no legal principle under which the defendant would have been bound by the judgment if it had been against the corporation, it follows he cannot avail himself of it by way of defense because it was adverse to the plaintiff. For that reason his liability is still an open question,

in no way affected or impaired by that adjudication. (*Jones* v. *Barlow*, 38 Superior C. R., 142; *Deming* v. *Puleston*, 35 id., 309; affirmed, 55 N. Y., 655.)

The verdict should be set aside and a new trial ordered, with costs to abide the event.

Judgment affirmed.