Ingraham, J.
The first question to be determined in this action is whether or not the judgment of the supreme court in the action of Charles H. Ostrander, as executor, against Jacob Weeks Cornwell and another, as executors, &c., is a bar to this action,.and a conclusive determination of the question here.
That action was commenced by one of the executors of the last will and testament of Catherine Weeks, deceased, to compel the executors of the last will and *148 testament of Jacob Weeks, her husband, to account for and pay over to the plaintiff in that action all of the property and money due to the estate of the said Catherine Weeks, deceased, from the estate of her husband, Jacob Weeks, deceased, and was, in effect, an action to recover the legacies left by the said Jacob Weeks to his wife, the said Catherine Weeks.
The plaintiff in this action was not a party to that action, and can only be bound by the judgment, on the theory that he was represented by the executors of the estate of Jacob Weeks.
The authorities cited by the defendants that hold that the executors of the estate represent the residuary estate, do not apply, because the executors there represent the residuary estate for the purpose of protecting it against all prior claims upon it which might diminish its amount, and as far as the residuary legatees are concerned, in an action either by a creditor or by a particular legatee, he is the representative of the estate.
The case is, however, very different where two parties claim the same specific legacy, for in that case the estate itself is not increased or diminished by the determination of the controversy between the parties. The executor is simply, as to the subject of such specific legacy, a stakeholder, has no interest in the determination of the controversy as to whom the specific legacy is payable ; and no case has been cited to me that holds that under such circumstances one of the claimants to the legacy can be bound by the determination against the stakeholder in which he is not a party.
In Cromer v. Pinckney (3 Barb. Ch. 474), cited by defendants, the chancellor said : “ The case is otherwise where one of the residuary legatees sues for his share of the estate, for, as an accounting of the estate must be taken, in that case the executor may insist *149 that the other residuary legatees shall be brought before the court to save him the trouble of an accounting the second time at their suit,” showing that one of two residuary legatees would not be bound by an accounting of the executor in an action to which he was not a party. There is no distinction between the case of two residuary legatees and the case of two claimants to a specific legacy.
In this case, the defendant, Jacob Weeks Cornwell, is one of the executors of Jacob Weeks, is also one of the executors of Catharine Weeks, and is the residuary legatee of Catharine Weeks, and appears therefore to be the one who would be mainly benefited by the determination of this action in favor of the estate of Catharine Weeks, and it would be repugnant to every principle of justice to hold that a judgment, obtained in an action brought by him as executor of Catharine Weeks against himself as executor of Jacob Weeks, that a legacy given to another person not a party to such action was his, would bar the legatee from maintaining an action to recover such legacy; yet if the defendant’s position is sound, that would be the result.
On the refusal of the executor of an estate to pay to the legatee a specific legacy, the legatee has an action in his favor against the executor (Code Civ. Pro. § 1819), and it would hardly be claimed that it would be a defense to such action, that the executor had paid the legacy to another person.
The executors of the estate of Jacob Weeks cannot complain if they have to pay this mortgage under the judgment of the supreme court. They could have interpleaded, as to the bond and mortgage in controversy, the plaintiff in this action, and brought him before the court, where he could have protected his interests.
It becomes necessary, therefore, to construe the *150 second and twenty-sixth, clauses of the will of Jacob Weeks, deceased, and it is the duty of the court in construing the will to carry out, if possible, the intention of the testator. If, from an examination of the whole will, the intent of the testator is clear, and such intent is in danger by unapt or inaccurate modes of expression, it is the duty of the court to subordinate the language to the intention, and in such case the court may reject words and limitations, supply them or transpose them, to get at the correct meaning (Phillips v. Davies, 92 N. Y. 204).
Now, taking the second and twenty-sixth clauses of this will together, it is clear that the intent of the testator was to give this bond and mortgage to Mary H. Weeks and Nathaniel Weeks, subject, however, to the consent of the wife being first obtained. The bequest to the wife by the second clause of the will, “ of all my bonds and mortgages, &c.,” is made subject to and charged as provided in the twenty-sixth clause of the will, and by the twenty-sixth section of the will the executors are authorized and directed to cancel and satisfy, for the consideration of one dollar, the said bonds and mortgages, provided the testator’s wife should consent thereto.
No discretion was invested in the executors. The direction as to them was absolute, and on the consent of the wife, the provisions of the twenty-sixth section took effect and, and on the payment by Mary Weeks and Nathaniel Weeks of one dollar, the bond and mortgage was satisfied and discharged. Catharine Weeks consented. That consent in writing was delivered to the executors, and the one dollar paid to them.
No instrument in writing was necessary to discharge the mortgage, but by the force and effect of the will, the debt for which the mortgage was given as security became satisfied.
*151 A mortgage is simply a security for the payment of the bond or other evidence of indebtedness, and any act wliich is sufficient to release the bond discharges the mortgage. The payment of the bond satisfies and discharges the mortgage (Remington Paper Co. v. O’Dougherty, 81 N. Y. 492).
And the cancellation of the contract to secure which the mortgage was given cancels the mortgage (Wanzer v. Cary, 76 N. Y. 526).
In Carpenter v. Soule (88 N. Y. 251) the court of appeals held that, the mortgagee having delivered to the mortgagor without consideration a receipt for two thousand dollars to apply on the bond and mortgage, this was a gift of a part of the debt, and operated at once to extinguish it pro tanto, and canceled and discharged so much of the debt.
I have come, therefore, to the conclusion that the plain intent of the testator was that on the consent of the wife this bond and mortgage should be satisfied and discharged. That it was, in effect, a bequest of the bond and mortgage to the plaintiff’s testator subject to the consent of Catharine Weeks, and that, on the consent of the wife and the payment of the one dolías* named, the twenty-sixth clause of the will took effect, and the bond and mortgage became satisfied and discharged.
An examination of the judgment of the supreme court shows that in that action several other questions were presented to the learned judge before whom the case was tried. Plaintiff was not before the court; but as between the parties before the court, it might be that the plaintiffs in that action were entitled to the bond and mortgage so far as it was valid, and that the fifth conclusion of law in that action was that the defendant George W. Weeks, as executor of the last will and testament of Jacob Weeks, had failed to prove that Catharine Weeks in her lifetime executed *152 any satisfaction-piece of the bond and mortgage for fifteen thousand dollars mentioned in the complaint or any consent sufficient in law to authorize the executors of the will of the said Jacob Weeks, deceased, to cancel and satisfy the said bond and mortgage for the consideration of one dollar; but in this action such proof has been supplied.
I am, therefore, of the opinion that the plaintiff is entitled to judgment declaring the bond and mortgage described in the complaint satisfied, and directing that the same be canceled and discharged of record, and that plaintiff shall recover costs of this action against the defendants, the executors of Jacob Weeks, der ceased.
Findings can be settled on two days’ notice.