MILLER et al. v. FERRY.

(Supreme Court, General Term, First Department.  November 7, 1889.)

RES ADJUDICATA—COUNTER-CLAIM.

In an action by the assignee of a contract to deliver certain stock, defendant set up a counter-claim, founded on a contract between plaintiff's assignor, defendant, and a foreign corporation. The contract provided for an accounting with respect to certain transactions, and the answer alleged full performance by defendant, and that an accounting had been had, and stated the sum due from the assignor. *Held*, that a decree in an action to which plaintiff was not a party, in a foreign court, where the corporation had its existence, which decree was passed after the assignment to plaintiff, and adjudicated that no accounting had been had on the alleged contract, was not conclusive of defendant's right to assert and prove the accounting and establish his counter-claim.

Appeal from special term, New York county.

Action by John S. Miller and others against Charles H. Ferry, on a contract assigned to plaintiffs. Judgment for plaintiffs, and defendant appeals. For former appeal from order as to plaintiffs' undertaking in attachment, see 2 N. Y. Supp. 863.

Argued before VAN BRUNT, P. J., and DANIELS and BARRETT, JJ.

*Rudd & Hunt*, for respondents.  *Bristow, Peet & Opdyke*, for appellant.

BARRETT, J.  The main question presented by this appeal arises upon the defendant's counter-claim. The plaintiffs are the assignees of one Miltimore

with respect to a certain agreement whereby the defendant covenanted, upon a contingency which has happened, to give Miltimore certain shares of stock. The plaintiffs, as such assignees, established their right to recover the value of these shares. Thereupon the defendant attempted to set off a demand which he claimed to have against Miltimore at the date of the latter's assignment to the plaintiffs. The evidence offered by the defendant in support of this set-off was ruled out, the alleged counter-claim, consequently, was not proved, and judgment against the defendant upon the assigned claim followed. This counter-claim was founded upon a contract entered into between Miltimore, the defendant, Ferry, and two Illinois corporations. The contract provided for an accounting with respect to certain transactions, (not necessary to be here enumerated,) and for the liquidation of the balance found due, as follows: Miltimore was to execute and deliver his four promissory notes for the sum of $5,000 each, dated the 10th day of February, 1885, payable to the order of the present defendant, Ferry, one year from date, in all $20,000. Any sum found due in excess of this $20,000 was to be paid by Miltimore to Ferry on or before the 10th day of January, 1886. The answer set up the performance by Ferry of all the conditions of this contract upon his part, and that an accounting was had thereunder, upon which the balance due by Miltimore was ascertained to be $24,472.92. On account of this latter sum it is further alleged that Miltimore gave his promissory note to Ferry's order for $20,000, and also agreed to pay the balance on or before the 10th day of January, 1886, —all in accordance with the terms of the contract. Evidence offered in support of these allegations was ruled out, apparently upon two grounds: *First,* because of a decree made by an Illinois court in an action between Miltimore, Ferry, and the two corporations, in which it was held that the accounting provided for in the contract in question had never been had; and, *second,* because such an accounting could not now be had without the presence of Miltimore and the two corporations as parties. The Illinois decree was, in our judgment, inadmissible as between the parties to this action. That judgment was rendered long after the assignment (by Miltimore to these plaintiffs) of the present cause of action. The plaintiffs took the claim in suit subject to existing equities, and subject to any lawful set-off existing in favor of Ferry against Miltimore at the date of the assignment. The latter date was the 29th of October, 1886, and the defendant's contention is that Miltimore then owed him, under the contract in question, a liquidated sum largely exceeding the claim assigned to the plaintiffs. It is quite plain that Ferry had a right to prove the existence of this liquidated demand at the date when the plaintiffs acquired the cause of action set up in their complaint. It is equally plain that an adjudication, subsequent to that date, in an action to which the assignees were neither parties nor privies, was not binding upon them. *Campbell* v. *Hall,* 16 N. Y. 575; *Masten* v. *Olcott,* 101 N. Y. 161, 4 N. E. Rep. 274. They would not have been estopped or concluded thereby. And, further, the Illinois adjudication had no relation to the assigned cause of action. It follows that, as an estoppel by judgment must be mutual, (*Lawrence* v. *Campbell,* 32 N. Y. 455; *Moore* v. *City of Albany,* 98 N. Y. 409,) the defendant is not barred from setting up as against the plaintiffs an accounting had prior to the assignment, and as a result thereof the liquidated demand existing at the date of such assignment. The other ground upon which the defendant's evidence is supposed to have been excluded is also untenable. The defendant prayed, it is true, for an accounting, but he was not bound by that prayer. He had a right to prove the facts set forth in his answer, and thereupon to ask for an appropriate judgment. If he had been permitted to prove those facts, he would have been entitled to the relief afforded by subdivision 1, § 502. Code Civil Proc., for he would have proved, not merely a right to an accounting, but a liquidated demand existing in his favor, against the assignor of the agreement sued upon, at the time of the assignment of such agreement to the

plaintiffs. He could have proved this demand without the presence of Milti-more or the two corporations, for his claim and offer were to establish the accounting provided for in the contract, and the liquidation thereupon of the sum sought to be so set off as a demand against Miltimore personally. If the defendant had been permitted to proceed without regard to the Illinois judgment, and had then failed to show an accounting under the contract, and an ascertained balance due to him by Miltimore, the question whether he could have such an accounting in this action without the presence of Miltimore or the corporations would have been presented. There can be but little doubt on that head. See *Cummings* v. *Morris*, 25 N. Y. 625, opinion of ALLEN, J. But it need not now be decided, as the defendant is entitled to a new trial because of the admission of the Illinois judgment, and the exclusion of evidence tending to show a liquidated demand which was the proper subject of counter-claim. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.