JOHN S. MULLER *et al.*, Respondents, *v.* CHARLES H. FERRY, Appellant.

*Supreme Court, First Department, General Term, November 7, 1889.*

1. *Former Adjudication. Parties.*—An adjudication, subsequent to an assignment, in an action to which the assignees were neither parties nor privies, is not binding upon them.
2. *Same.*—Such judgment is not a bar against a party thereto in an action between him and such assignees.
3. *Pleadings. Counterclaim.*—Where a counterclaim, arising prior to the assignment, sets up an agreement, of plaintiff's assignor to account, and that an accounting had been had, and a balance found due defendant, and prayed for an accounting, the defendant is not bound by such prayer, and evidence of such counterclaim should not be excluded on the ground that the proper parties to such accounting are not before the court.

Appeal from a judgment rendered at special term in favor of the plaintiffs.

*David Willcox,* for appellant.

*James M. Hunt,* for respondents.

BARRETT, J.—The main question presented by this appeal arises upon the defendant's counterclaim. The plaintiffs are the assignees of one Mittimore with respect to a certain agreement whereby the defendant covenanted, upon a contingency which has happened, to give Mittimore certain shares of stock.

The plaintiffs, as such assignees, established their right to recover the value of these shares. Thereupon the defendant attempted to set off a demand which he claimed to have against Mittimore at the date of the latter's assignment to

the plaintiffs. The evidence offered by the defendant in support of this set-off was ruled out, the alleged counterclaim consequently was not proved, and judgment against the defendant upon the assigned claim followed.

This counterclaim was founded upon a contract entered into between Mittimore, the defendant Ferry and two Illinois corporations. The contract provided for an accounting with respect to certain transactions, not necessary to be here enumerated, and for the liquidation of the balance found due as follows : Mittimore was to execute and deliver his four promissory notes for the sum of $5,000 each, dated the 10th day of February, 1885, payable to the order of the present defendant, Ferry, one year from date, in all $20,000. Any sum found due in excess of this $20,000 was to be paid by Mittimore to Ferry on or before the 10th day of January, 1886. The answer set up the performance by Ferry of all the conditions of this contract upon his part; *and that an accounting was had thereunder*, upon which the balance due by Mittimore was ascertained to be $24,472.92. On account of this latter sum it is further alleged that Mittimore gave his promissory note to Ferry's order for $20,000, and also agreed to pay the balance on or before the 10th day of January, 1886, all in accordance with the terms of the contract. Evidence offered in support of these allegations was ruled out, apparently upon two grounds. First, because of a decree made by an Illinois court in an action between Mittimore, Ferry, and the two corporations, in which it was held that the accounting provided for in the contract in question *had never been had ;* and second, because such an accounting could not now be had without the presence of Mittimore and the two corporations as parties. The Illinois decree was, in our judgment, inadmissible as between the parties to this action. That judgment was rendered long after the assignment, by Mittimore to these plaintiffs, of the present cause of action. The plaintiffs took the claim in suit subject to existing equities and subject to any lawful set-off ex-

31

isting in favor of Ferry against Mittimore at the date of the assignment. The latter date was the 29th of October, 1886 ; and the defendant's contention is, that Mittimore then owed him, under the contract in question, a liquidated sum largely exceeding the claim assigned to the plaintiffs. It is quite plain that Ferry had a right to prove the existence of this liquidated demand at the date when the plaintiffs acquired the cause of action set up in their complaint. It is equally plain that an adjudication, subsequent to that date, in an action to which the assignees were neither parties nor privies was not binding upon them. Campbell *v.* Hall, 16 N. Y. 575 ; Masten *v.* Olcott, 101 Id. 161.

They would not have been estopped or concluded thereby. And, further, the Illinois adjudication had no relation to the assigned cause of action. It follows, that as an estoppel by judgment must be mutual, Lawrence *v.* Campbell, 32 N. Y. 455 ; Moore *v.* City of Albany, 98 Id. 409, the defendant is not barred from setting up as against the plaintiffs an accounting had prior to the assignment, and as a result thereof the liquidated demand existing at the date of such assignment.

The other ground upon which the defendant's evidence is supposed to have been excluded is also untenable. The defendant prayed, it is true, for an accounting, but he was not bound by that prayer. He had a right to prove the facts set forth in his answer, and thereupon to ask for an appropriate judgment. If he had been permitted to prove those facts he would have been entitled to the relief afforded by subdivision 1 of § 502 of the Code of Civil Procedure. For he would have proved not merely a right to an accounting, but a liquidated demand existing in his favor against the assignor of the agreement sued upon at the time of the assignment of such agreement to the plaintiffs.

He could have proved this demand without the presence of Mittimore or the two corporations, for his claim and offer were to establish the accounting provided for in the contract,

and the liquidation thereupon of the sum sought to be so set off as a demand against Mittimore personally. If the defendant had been permitted to proceed without regard to the Illinois judgment, and had then failed to show an accounting under the contract and an ascertained balance due to him by Mittimore, the question whether he could have such an accounting in this action without the presence of Mittimore or the corporations would have been presented. There can be but little doubt on that head. See Cummings v. Morris, 25 N. Y. 625, opinion of ALLEN, J. But it need not now be decided, as the defendant is entitled to a new trial because of the admission of the Illinois judgment and the exclusion of evidence tending to show a liquidated demand, which was the proper subject of counterclaim.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., and DANIELS, J. concur.

---

NOTE ON "EFFECT OF FORMER ADJUDICATION UPON PARTIES."

The term " parties," in the sense of the doctrine which renders a prior judgment conclusive upon those who sustain that character, is not restricted to those who are parties on the record, but includes all those who have a direct interest in the subject matter of the suit and a right to make a defense or control the proceedings. Greenwood v. Marvin, 11 N. Y. St. Rep. 235. A partner who is sued but not served, where his copartner is served, is bound by a judgment against the copartnership. Id.

As to when an action for the installment on a contract brought by the assignee does not bar an action for a subsequent installment, see Miller v. U. S. & S. Co., 59 Hun, 624.

The recovery of an installment of a stipulated salary is no bar to an action for general damages for the breach of a contract. Levin v. S. F. Co., 16 Daly, 404.

In an action by an assignee of a portion of certain stock in the hands of the defendant, the latter cannot set up, as a bar, a judgment in his favor rendered against the assignor in an action commenced subsequent to the assignment. Barrowcliff v. Cummins, 6 N. Y. Supp. 228.

A judgment, obtained by a corporation in a suit against two other corporations, annulling a tripartite agreement between them, is not an adjudication upon any question arising between the stockholders of one de-

fendant company and the other defendant or between such defendant company and its corporators, where no issues were presented or tried between the defendants. Beveridge v. N. Y. E. R. R. Co., 112 N. Y. 1.

A recovery for the conversion of goods in an action by a conditional purchaser in possession thereof, is a bar to an action by the vendor in whom the title had remained, even though satisfaction of such judgment is not shown. Thomas v. Poe, 51 Hun, 431. The recovery of their value by such conditional purchaser or bailee, in an action of replevin against him, is a practical recovery for the conversion of the goods within the rule. Id.

A judgment obtained without fraud or collusion and which concludes the debtor, whether rendered upon default, confession or after a contest, is, upon all the questions affecting the title to his property, conclusive evidence against his creditors to establish, first, the relation of creditor and debtor between the parties to the record; and, second, the amount of the indebtedness. Brooks v. Wilson, 53 Hun, 173.

In an action by the trustees of an estate to compel an accounting in respect thereto by the personal representatives of a deceased executor, the beneficiaries are bound by an adjudication dismissing the complaint upon the merits. Matter of Straut, 126 N. Y. 201. Wherever a trustee may sue in his own name without joining the beneficiaries of the trust, the latter, in the absence of fraud or collusion, are bound by the results of the action.

An adjudication as to title against an apparent grantee of land is not conclusive upon his grantor, when the deed was in fact intended as a mortgage. Shattuck v. Bascom, 55 Hun, 14.

An owner of land who has executed a deed thereof, which in fact is intended as a mortgage, is not bound by a judgment in an action brought by the grantee, at his own instance, against a third person to set aside a comptroller's tax deed of the property as a cloud upon the title, to which such owner is not a party, though he accepts a reconveyance of the property. Shattuck v. Bascom, 105 N. Y. 39.

Where a counterclaim, in an action by assignees, sets up a demand against their assignor existing at the time of the assignment based on an agreement to account, and alleging that an accounting had been had, and the balance due, evidence of such counterclaim should not be rejected because a decree, in an action between the assignor and the defendant, made after the assignment, held that no such accounting had been had. Muller v. Ferry, 54 Hun, 637. As the plaintiffs were not parties or privies to the action, they were not concluded thereby. Id.

An estoppel by judgment must be mutual. Id.

The recovery of a judgment against the wrong person cannot be set up as a defense by the right person, who is subsequently sued. Fowler v. Bowery S. Bank, 47 Hun, 399.

An order denying a motion made by one execution creditor, to set aside a levy made upon a prior execution, precludes the former, upon a motion made by the latter to set aside the sale upon his execution, from claiming that the prior execution and levy were not valid and had become dormant. Citizens' Nat. Bank v. Allison, 23 W. Dig. 235.

Note on " Effect of Former Adjudication upon Parties."

A purchaser of a chattel under the foreclosure of a mortgage is not estopped by a subsequent adjudication in an action against the mortgagor and mortgagee, to which he was not a party, that the mortgage was fraudulently made. Zoeller v. Riley, 100 N. Y. 102.

A judgment for foreclosure of a mortgage in an action, in which the mortgagor set up an extension of time of payment in his answer but gave no evidence to support it at the trial, does not estop a surety, who was not a party to the action, from setting up the existence of such an extension. Kane v. Cortesy, 100 N. Y. 132.

A judgment against the sheriff for making a false return upon an execution is not conclusive in an action by the sheriff against the deputy, who had charge of such execution, and his surety. Conner v. Keese, 23 W. Dig. 478.

Judgments recovered in favor of a wife against her husband for installments due her under an agreement of separation, in actions in which the validity of the agreement or the status of the wife as a creditor of the husband was litigated, are conclusive on these questions, in a creditor's suit to set aside certain conveyances executed by the husband, not only as to him, but as to his alleged fraudulent grantee. Carpenter v. Osborn, 102 N. Y. 552.

One who was not a party to the action cannot, by accepting the result of the judgment therein, make the judgment *res adjudicata* in his favor. Shipman v. Fanshaw, 15 Abb. N. C. 288. This is so even as against the party to an action who accepted the fruits of the judgment or a payment in accordance therewith. Id. To create an estoppel by judgment, it must be reciprocal. Id.

One of two claimants to a specific legacy is not bound by a judgment in an action, to which he is not a party, against the executors of the will to recover the same legacy for the estate of the other claimant. Weeks v. Weeks, 16 Abb. N. C. 143.

The sureties on a sheriff's bond of indemnity for making a levy, where such bond is conditioned that the obligor shall indemnify the sheriff against all harm, trouble, damage, liability, costs, counsel fees, expenses, suits, actions, judgments, etc., that may arise or be brought against him by reason of the levy, are concluded in the sheriff's actions against them, by the regular recovery of a judgment against the sheriff by the true owner of the property levied upon, though they had no notice of the proceeding in the action which resulted in the recovery of the judgment. Conner v. Reeves, 35 Hun, 507. Such judgment, though it was entered by consent, is conclusive against the sureties, if it was in fact recovered in good faith and without collusion or fraud. Id.