(11 Misc. Rep. 223.)

LESSER v. LESSER et al.

(Superior Court of New York City, Equity Term. January, 1895.)

1. TESTAMENTARY POWERS—CONSTRUCTION.
  Where it appears that testator intended to give a power of sale, the language used by him, though inapt, will be construed liberally in furtherance of the attempt.

2. SAME—BY WHOM EXERCISED.
  Where a will contains a power of sale without naming a donee of the power, it is to be exercised by the executors.

Action by Tilly Lesser, as executrix and trustee, against Caroline Lesser and others, by guardian, to construe a will.

John L. Brower, for plaintiff.
E. Jacobs, for infant defendants.

McADAM, J. There is sufficient in the will to authorize the court to give it a judicial construction. The axiomatic rule is that effect must be given to each and every part of a will and to the testator's intention, which, when ascertained, must control. That the testator intended his executrix might sell the realty is evidenced by these words:

"I hereby consent to the partition, upon the consent of my executrix, Tillie Siegel, and sale of any and all realty in which I may have any hereditary interest; said interest being acquired from Leopold Siegel."

Whatever realty the testator died possessed of was hereditary, and acquired from Leopold Siegel, as in said will named. So that the will was intended to operate upon the property referred to in the complaint. The testator had endeavored to sell the property just prior to his death. It was for sale at that time. Before and at the time of drawing his will he expressed it as his intention to have incorporated therein a power authorizing a sale of the property. The language used in the will may be inartistic and inapt, but it is to be construed equitably and liberally in furtherance of the intention. Dorland v. Dorland, 2 Barb. 80; Saloman v. Lawrence, 52 N. Y. Super. Ct. 154; Stimson v. Vroman, 99 N. Y. 74, 1 N. E. 147; Weeks v. Weeks, 16 Abb. N. C. 143; Sugd. Powers (3d Am. Ed.) marg. p. 476, and notes. Precatory words impose a binding duty where the testator has pointed out with sufficient clearness and certainty both the subject-matter and object of the trust. 2 Redf. Wills (2d Ed.) 411. The desire of the testator has the force of a command when expressing his object. Riker v. Leo, 115 N. Y. 93, 21 N. E. 719. Liberally construed with reference to furthering the testator's intention, the law of energy of construction holds that the will contains a discretionary power of sale, which may be executed by the executrix at such time and in such manner as she may determine. True, the will is silent as to the person who is to sell the lands; but in such case the power is implied in the executrix. Ger. Real Estate (3d Ed.) 443. Under the sixth clause of the will, Caroline Lesser and Selma Lesser, the infant defendants, take an estate in fee in the premises, subject to the execution of said power of sale, and subject to a trust to continue during their minority; the trust, in the event of the execution of the power, being applicable to the proceeds of sale only, and ceasing as to each of said infants on her marrying or becoming of full age. Decree in accordance with these views.