(Surrogate's Court, Westchester County. March, 1901.)

1. TRUSTEE—ACCOUNTING.
     Testator bequeathed to a brother $1,000, to be held by the executrix in trust; the income and any portion of the principal the trustee might think best to be paid to him. On the death of the executrix a substituted trustee was appointed. On the death of the brother the trustee accounted and paid the balance of the fund to the remainder-men, without notice to the estate of the brother. The administrator of the brother recovered against the trustee a judgment for the fund, and asked for an accounting by the trustee. *Held*, that he was not entitled thereto.

2. RES JUDICATA.
     A judgment by the administrator of the beneficiary of the trust against the trustee in the supreme court as to the fund, and requiring payment to the administrator, was not conclusive in an action for an accounting in the surrogate's court, as the parties to it were not the same.

3. WILL—CONSTRUCTION—GIFT.
     A devise to a brother, to be held in trust for him, to pay in the income and as much of the principal as the trustee may think best, is an absolute gift to the brother, with a personal discretion in the executrix, which died with her death, so that the beneficiary then became entitled to the whole fund.

In the matter of the judicial settlement of the account of Augustus Turner, trustee under the will of Ann Matilda Seymour. Proceedings dismissed.

Robertson & Barrett, for Augustus Turner, trustee.
Johnston & Johnston, for James A. Seymour, claimant.

SILKMAN, S. The facts are conceded. It appears that the testatrix, Ann Matilda Seymour, died in October, 1892, leaving a will proved in Westchester county, in which was this provision:

"I give to my brother, Edgar Seymour, one thousand dollars, to be held by my executrix in trust for him, to pay him, the said Edgar Seymour, the interest or income of the same, and as much of the principal at any time as she thinks best."

Martha Seymour, the executrix named in the will, qualified, and paid to Edgar Seymour the income of the fund until her death in

February, 1898. She paid him no part of the principal under the discretionary power given to her. After Martha Seymour's death, Edgar Seymour filed a petition in this court in which he alleged that he "was entitled to a certain annuity" under the will of Ann Matilda Seymour, and that Martha Seymour "was named as sole executrix and trustee in said will," and that said Martha Seymour departed this life on the 20th day of August, 1898, "leaving said trust uncompleted"; and then the petitioner prayed "that a citation issue out of and under the seal of this court to Elizabeth O. Carpenter, residing at Somers, in said county, who is the only living residuary legatee named in said will, to show cause before this court, at a time and place therein named, why some suitable person should not be appointed to execute the trusts named in said will." A citation was issued and served upon Elizabeth O. Carpenter, the surviving residuary legatee under Ann Matilda Seymour's will. Upon the return of the citation an order was made, dated February 18, 1899, "that Augustus Turner, of the town of Somers, Westchester county, New York, be, and hereby is, appointed trustee under the will of Ann Matilda Seymour, deceased; and the said Augustus Turner, executor, file in this office a bond, to be approved by the surrogate, in the sum of $2,000; and that the executor of Martha Seymour pay over to Augustus Turner the sum of $1,000, and all arrearages of interest, less $25, which is to be paid to the petitioner's attorney upon the service of this decree upon said executor." Shortly thereafter, and in the month of May, 1899, Edgar Seymour died, and thereafter a proceeding was taken by Augustus Turner in this court to settle his accounts as substituted trustee under the will of Ann Matilda Seymour. Upon this accounting Elizabeth O. Carpenter, the surviving residuary legatee, and John J. Seymour, the beneficiary under the will of Martha Seymour, and the surety upon Augustus Turner's bond, were the only persons cited. At this time there was no legal representative of Edgar Seymour, and a decree was entered, dated the 22d day of July, 1899, distributing the principal of the trust fund, after the payment of commissions and expenses of administration, to Elizabeth O. Carpenter and John J. Seymour, representing the residuary estate under the will of Ann Matilda Seymour; the court having construed the provision in the will of Ann Matilda Seymour, above recited, as constituting a valid trust, with a remainder over, which passed to the residuary legatees. Subsequently, and on the 19th day of October, 1899, James A. Seymour procured the issuance of letters of administration from the surrogate of the county of New York upon the estate of Edgar Seymour, deceased, and thereupon brought an action at law in the supreme court, New York county, to recover from Augustus Turner, as substituted trustee under the last will and testament of Ann Matilda Seymour, deceased, the amount of said alleged trust fund, and did on the 23d day of June, 1900, recover judgment against Augustus Turner as such substituted trustee, which, including costs, amounts to the sum of $1,197.24. The said James A. Seymour, as such administrator, then applied to this court to open the decree of July 26, 1899, settling the accounts of Augustus Turner, which motion was granted; and now the ques-

tion comes before the court whether James A. Seymour, as administrator of Edgar Seymour, is entitled to a decree directing Augustus Turner, as substituted trustee, to pay the amount of the supreme court judgment, the effect of which would be to require him to pay the fund twice, he having already complied with the former decree herein.

The first question to be considered is as to whether the judgment of the supreme court is conclusive here. The supreme court action was one at law between James A. Seymour as administrator and Augustus Turner as substituted trustee. The parties who had already received the trust property, and who now claim, were not before the court. The matter cannot be regarded as res adjudicata, because all the conditions do not concur that must do so to render it conclusive. It may well be that, on the facts shown, the supreme court had no option but to render the judgment it did. On this proceeding, however, the conditions are changed. The claims of other parties who are now before the court have to be considered, and where that is so the doctrine of res adjudicata can only be invoked against parties to the former litigation or their privies. A judgment does not estop persons not parties nor privies to the action, nor does it estop a person from raising in any subsequent action questions not raised or passed upon in the former. Campbell v. Hall, 16 N. Y. 575. See, also, Raymond v. Richmond, 78 N. Y. 354; Zoeller v. Riley, 100 N. Y. 108, 2 N. E. 388; Moore v. City of Albany, 98 N. Y. 409. One of two claimants to a specific legacy is not bound by a judgment in an action, to which he is not a party, against executors of a will, to recover the same legacy for the estate of another claimant. Executors do not in such action represent the absent claimant, as they are simply stakeholders as to the legacy. Weeks v. Weeks, 16 Abb. N. C. 143. In view of these authorities, the judgment of the supreme court is not conclusive here. The only theory upon which the supreme court action brought by Edgar Seymour's administrator could be maintained, it seems to me, is that the provision in the will of Ann Matilda Seymour for the benefit of Edgar Seymour, hereinabove quoted, constituted an absolute gift to Edgar Seymour, with a personal discretion vested in Martha Seymour, the executrix, as to its application to Edgar's use, which power and discretion did not pass to Martha's successors, but died with her, and, so dying with her, Edgar, upon her death, became immediately entitled to the whole fund. If this theory is correct,—and it strikes me very forcibly now that it is,—this court was without authority to appoint a trustee under the will of Ann Matilda Seymour, and the order of the 18th of February, 1899, appointing Augustus Turner is void and of no effect, and he is not answerable in this court to any one as such trustee. It may be that for any moneys which he received under color of the authority of the order of this court he must answer as an individual, but this court does not acquire jurisdiction to settle the accounts of persons voluntarily assuming the performance of trust duties, where the same are not authorized by a will probated in the court.

These views necessarily lead to the conclusion that the proceeding

for an accounting must be dismissed, and the parties left to assert and defend their rights in some other forum. This is a case of extreme hardship to Mr. Turner, who assumed the duties of a trustee. Edgar Seymour, whose representative is now attacking him, came into court upon a petition alleging that there was a trust created by the will of Ann Matilda Seymour, which by the death of Martha Seymour, the executrix, was left uncompleted, and obtained an order appointing Turner trustee. The only inference to be drawn from the prayer of the petitioner is that Elizabeth O. Carpenter, the surviving residuary legatee, is interested. If interested, how else but as entitled to the remainder upon Edgar's death? It would seem that the position in which Augustus Turner is at present is almost entirely due to the construction put upon the will by Edgar Seymour himself, and now his representative comes into court and asks that Edgar's construction of the will shall not be followed, and that Augustus Turner, who in good faith assumed the duties of a trustee, shall be punished for excepting such construction. An order will be made dismissing the proceedings.

Proceedings dismissed.